paying out the money were complied with, and all the care necessary was exercised by the bank. A witness was called on behalf of the plaintiff, who testified that he saw the bank book in 1890, and that he did not observe any entry in that bank book of a withdrawal of any of the money credited therein to Mrs. Schmitt. Upon that mere circumstance, the plaintiff insists that the case should have gone to the jury. This witness gave no account whatever of the bank book, nor where it had been, nor in whose possession it was, nor whether its condition had been changed, nor what its history was from the time it was delivered to Mrs. Schmitt. Nor does he say anything more with reference to the entries upon the book than that he remembered the appearance of the book when he saw it in 1890; that there were four deposits credited, and then there was nothing else that he could see. He did not say that he examined it carefully, although he was positive as to what he did notice. His testimony upon the subject was altogether insufficient to make an issue contradicting the entries in the books of the bank and the testimony of the two tellers in connection therewith.

In the answer of the defendant there is a statement that on the 1st day of July, 1897, there was a balance to the credit of the account of Mrs. Schmitt of $38.96, which, with interest, amounted at the day last named to $63.62; and it is claimed by the plaintiff that a verdict should have been permitted at least for that amount. But the plaintiff was not entitled to recover even that much in this action. A demand for the money was necessary, and no such demand was made, for it was not included in that which preceded the institution of this action.

The judgment must be affirmed, with costs. All concur.

---

(28 App. Div. 470.)

MONTAUK TRIBE OF INDIANS v. LONG ISLAND R. CO.

(Supreme Court, Appellate Division, Second Department. April 19, 1898.)

INDIANS—AUTHORITY TO SUE.
    While the Indians in New York have an undoubted right to the beneficial use and occupancy of their lands, no provision has been made by law for bringing ejectment to recover possession of them (except Laws 1845, c. 150, relating exclusively to the Seneca Nation), and as a body or tribe the Indians have no corporate name by which they can institute such a suit.

Appeal from special term, Suffolk county.

Action by the Montauk Tribe of Indians, by Wyandank Pharoah, their chief and king, against the Long Island Railroad Company. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

L. B. Treadwell (F. M. Morrison, on brief), for appellant.
Alfred A. Gardner (William J. Kelly, on brief), for respondent.

CULLEN, J. One of the grounds of the demurrer is that the plaintiff has no capacity to sue, and this is the ground on which the decision

of the special term proceeded.   It is not worth while to enter upon any discussion of the status of the Indian tribes within this state, as we think that on the question now before us we are concluded by authority.   In Strong v. Waterman, 11 Paige, 607, it was held that, while the Indians had the undoubted right to the beneficial use and occupancy of their lands, no provision had been made by law for bringing ejectment to recover possession of them; that, as a body or tribe, the Indians have no corporate name by which they can institute such a suit.   This doctrine was again asserted in Seneca Nation v. Christie, 126 N. Y. 122, 27 N. E. 275, where it was held that the right of that nation to sue depended solely on the enabling statute of 1845 (chapter 150).   This ruling cannot be considered obiter, as a writ of error was dismissed by the supreme court of the United States, on the ground that the decision of the court of appeals on the effect and construction of the enabling act necessarily determined the controversy; and that, therefore, the other grounds on which the decision of that court was rendered were immaterial.   Seneca Nation v. Christy, 162 U. S. 283, 16 Sup. Ct. 828.   The statute of 1845 in express terms is limited to the Seneca Nation.   I can find no general statute passed since the decision of Strong v. Waterman which enables Indian tribes or nations to sue as such.   Section 11 of the Indian law (chapter 679, Laws 1892) cannot be construed as effective for the purpose.   This section is substantially a re-enactment of section 8 of chapter 234 of the Laws of 1841, which was in force four years before the decision of Strong v. Waterman.   Within a few days a decision has been rendered by the supreme court of the United States in the case of New York Indians v. U. S., 18 Sup. Ct. 531.   It would appear from the calendar of that court, and also the report of the decision in the court of claims, that the action was instituted by the claimants under the name and title of "The New York Indians."   The authority for that action was given by chapter 52, Acts 52d Cong. (approved January 28, 1893).   It is doubtful whether the decision has any bearing on the case before us.   But assuming that Indians may sue in the federal courts by their tribal names, without special statutory authority, the decisions of the court of appeals already cited show that they have not a similar privilege in the courts of this state.   Still, the Indians are not without redress.   They may apply to the legislature for authority to maintain an action like the present, or it may be that under the authority of Strong v. Waterman, supra, an action might be instituted by one of their number on his own behalf and on behalf of the other Indians of his tribe.

It follows that the judgment appealed from must be affirmed, without costs.   All concur.