HUNTER, Respondent, v. SUPREME LODGE, KNIGHTS OF HONOR, Appellant (WATTERSON, Respondent). (Supreme Court, Appellate Division, Second Department. December 19, 1899.) Action by Emily Hunter against the Supreme Lodge, Knights of Honor, and Margaret Watterson. No opinion. Appeal dismissed by consent.

IRON NAT. BANK OF PLATTSBURGH, Respondent, v. HERKIMER COUNTY NAT. BANK OF LITTLE FALLS et al., Appellants. (Supreme Court, Appellate Division, Third Department. November 21, 1899.) Action by the Iron National Bank of Plattsburgh, N. Y., against the Herkimer County National Bank of Little Falls and others. No opinion. Order affirmed, with $10 costs and disbursements, without prejudice to moving to change the place of trial on the ground of convenience of witnesses.

ISRAEL, Respondent, v. ISRAEL, Appellant. (Supreme Court, Appellate Division, First Department. December S. 1899.) Action by Abraham Israel against Tillie B. Israel. M. Weinman, for appellant. J. B. Leavitt, for respondent. No opinion. Order affirmed, without costs.

JAUNCEY et al., Respondents, v. BARD et al., Appellants. (Supreme Court, Appellate Division, Second Department. November 21, 1899.) Action by Ida Alice Jauncey and others against John Bard, Herman G. Weibezahl, and others. No opinion. Order affirmed, on argument, with $10 costs and disbursements.

JOHNSON, Appellant, v. LONG ISLAND R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. July 1, 1899.) Action by Eugene A. Johnson against the Long Island Railroad Company.

PER CURIAM. While the right to maintain his action in its present form is not free from doubt, still, as it is brought in accordance with the view expressed by us on the prior appeal (Montauk Tribe of Indians v. Railroad Co., 51 N. Y. Supp. 142), we think we should adhere to our former decision, and allow the question to be finally determined by the court of appeals. Interlocutory judgment reversed, and judgment directed for plaintiff on demurrer, with costs, with leave to the defendant to withdraw demurrer and serve answer on payment, within 20 days, of the costs of the demurrer and of this appeal. Leave is also granted to the defendant to appeal from this judgment to the court of appeals. All concur, except BARTLETT, J., who is of the opinion that the complaint in the present action is not framed in accordance with the views expressed by this court in its previous decision.

JOHNSON, Appellant, v. LONG ISLAND R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. October 17, 1899.) Action by Eugene A. Johnson against the Long Island Railroad Company.

PER CURIAM. Motion to resettle order and certify questions granted, and questions certified, as follows: (1) Has the plaintiff in this action any legal capacity to sue? (2) Is there a defect of the parties plaintiff in this action, in that the members of the alleged Montauk tribe of Indians are not made parties plaintiff? (3) Does the complaint herein state facts sufficient to constitute a cause of action?

JONES et al., Respondents, v. GIBIER et al., Appellants. (Supreme Court, Appellate Division, Second Department. December 19, 1899.) Action by John W. Jones and another against Paul Gibier and others. No opinion. Order affirmed, with $10 costs and disbursements to abide the event.

JORDAN, Respondent, v. JACOB et al., Appellants. (Supreme Court, Appellate Division, Second Department. December 5, 1899.) Action by William B. M. Jordan against C. Albert Jacob and Charles Jacob. No opinion. Judgment of the municipal court affirmed, with costs.

KAFFENBURGH, Respondent, v. FLEISHMAN, Appellant. (City Court of New York, General Term. December 29, 1899.) Action by Abraham Kaffenburgh against William N. Fleishman. From an order granting defendant's motion to open default on terms, he appeals. Affirmed. Louis Steckler, for appellant. Howe & Hummel, for respondent.

O'DWYER, J. The terms imposed were within the discretion of the special term justice, and we find no abuse of that discretion. The defendant's time, however, in which to comply with the terms of the order, will be extended 10 days after the entry of the order hereon. Order affirmed, with $10 costs.

FITZSIMONS, C. J., concurs.

KAMSLER, Appellant, v. SCHAEFER, Respondent. (Supreme Court, Appellate Term. December 28, 1899.) Action by David Kamsler against Elise Schaefer (first name fictitious). From a judgment for defendant, plaintiff appeals. Affirmed. Herman R. Elias, for appellant. John Callahan, for respondent.

MacLEAN, J. It is possible that the plaintiff would have given proof to support his assertion herein that a balance was due him for goods sold and delivered to the defendant, had counsel been at pains to question him about the facts; but, in the absence of evidence to support the plaintiff's claim, there remained nothing for the learned justice below but to render judgment for the defendant, as he did, which judgment should be affirmed. Judgment affirmed, with costs. All concur.