GERVAIS *v.* CHICAGO, R. I. & P. RY. Co.

*(Supreme Court, General Term, First Department.* December 29, 1890.)

OBJECTION TO JURISDICTION—ACTION FOR PERSONAL INJURIES—NON-RESIDENTS.

Under Code Civil Proc. N. Y. § 488, providing that defendant may demur to the complaint where it "appears upon the face thereof" that the court has not jurisdiction of the person of defendant, a demurrer on that ground cannot be sustained to a complaint in an action in the supreme court against a foreign corporation for damages for personal injuries caused by its negligence, although residence of the plaintiff in the state is not alleged therein, if it does not appear on the face of the complaint that plaintiff is not a resident of the state. The court having general jurisdiction, and jurisdiction of the subject-matter, its authority to entertain the action will be presumed.[1] VAN BRUNT, P. J., dissenting.

Appeal from special term, New York county.

Action by George F. Gervais against the Chicago, Rock Island & Pacific Railway Company. Defendant appeals from an interlocutory judgment overruling a demurrer to the complaint.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Evarts, Choate & Beaman,* (*Prescott Hall Butler,* of counsel,) for appellant. *Hart & Price,* (*George H. Hart,* of counsel,) for respondent.

BRADY, J. This action was brought by the plaintiff against the defendant, a foreign corporation, to recover damages for injuries to his wife caused by its negligence. The complaint was demurred to upon three grounds: *First,* that the court had not jurisdiction of the person; *secondly,* that it had not jurisdiction of the subject of the action; and, *thirdly,* that the complaint did not state facts sufficient to constitute a cause of action. The proposition argued is that the residence of the plaintiff in this state was essential to confer upon this court jurisdiction of the cause of action urged against the defendant. The answer to this is found at once in section 488 of the Code, which provides in distinct terms that the defendant may demur to the complaint when it appears upon the face thereof that it has not jurisdiction of the person, or of the subject-matter, or of the subject of the action, as well as for other causes therein stated. Now, it does not appear upon the face of the complaint that the plaintiff is not a resident of the state of New York, and that disposes of the proposition.

The learned justice in the court below, in disposing of the demurrer, indulged in a somewhat elaborate opinion, covering other grounds, and going more extensively into the consideration of the subject than is deemed to have been necessary for the disposition of the question presented. The supreme court is by the constitution made a court of general jurisdiction of law and equity, (article 6, § 6,) and its jurisdiction cannot be limited either by the

[1] In Burdick v. Freeman, 46 Hun, 138, it was held that non-residents might sue each other in the courts of New York for torts committed in another state, though none of the acts relied on occurred in New York. This case was afterwards affirmed, (24 N. E. Rep. 949, 120 N. Y. 420,) the court of appeals saying that "the courts of this state may, in their discretion, entertain jurisdiction of such an action between citizens of another state actually domiciled therein when the action was begun and tried, though the injury was committed in the state of their residence and domicile;" and citing Gardner v. Thomas, 14 Johns. 134; Johnson v. Dalton, 1 Cow. 543; Dewitt v. Buchanan, 54 Barb. 31; McIvor v. McCabe, 26 How. 257; Newman v. Goddard, 3 Hun, 70; Mostyn v. Fabrigas, 2 Smith, Lead. Cas. (9th Ed.) 916; Story, Confl. Laws, § 542; Whart. Confl. Laws, §§ 705, 707, 743; 4 Phillim. Int. Law, 701. The court further said that "the judgments in Molony v. Dows, 8 Abb. Pr. 316, and Latourette v. Clark, 30 How. Pr. 242, in so far as they hold otherwise, must be regarded as overruled." See, also, Tupper v. Morin, ante, 310.

legislature, or by any power conferred by it upon the court itself. *People* v. *Nichols*, 79 N. Y. 582. It had unquestionable jurisdiction over the subject-matter of this action, therefore, and its authority to entertain it will be pre-sumed as to the parties, and the presumption continued until the question is disposed of in the manner provided by the laws of the state. The manner provided is by demurrer or by answer. Code, §§ 488, 498; *Bailey* v. *Spof-ford*, 14 Hun, 86. It is one of jurisdiction, and always open to inquiry, it is true, but must be presented according to the rules of the forum in which the question is pending. If, on the trial, it appeared, for example, that the plain-tiff was not a resident of the state, the objection arising therefrom could be immediately urged, and the proper result declared. For these reasons the judgment appealed from should be affirmed, with liberty to the defendant to answer in 20 days on the payment of costs of the demurrer and appeal.

DANIELS, J. I concur in the result.

VAN BRUNT, P. J., (*dissenting*.) The supreme court is, by the provisions of the constitution, a court of general jurisdiction, but that does not imply that it has general jurisdiction over persons not residents of this state. The legislature may regulate the extent of such jurisdiction, and determine under what circumstances it may be exercised; and where it provides that the court shall have jurisdiction, provided certain facts appear, it seems to me that such facts must be proven upon a trial, and, if necessary to be proven, they must be alleged. I therefore dissent.