Eugene A. Johnson, Respondent, *v.* The Long Island Railroad Company, Appellant.

1. Ejectment—Not Maintainable by Member of Montauk Tribe of Indians, Suing for All who may Contribute. A member of the Montauk Tribe of Indians cannot maintain an action of ejectment on behalf of himself and all other persons equally interested with him, who may come in and contribute to the expenses of the action, as such tribe has no statutory right or capacity to bring such an action, and no corporate name by which it can institute it, and, therefore, no one member can sue for the benefit of all, as the cause of action does not exist.·

2. Remedy is by Enabling Act. The tribe is not without legal redress, as by an application to the legislature an enabling act can be obtained allowing action to be brought in the name of its chief or head, or of such member or members thereof as may be selected.

*Johnson* v. *Long Island R. R. Co.*, 42 App. Div. 626, reversed.

(Argued February 26, 1900; decided April 17, 1900.)

Appeal, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 25, 1899, reversing an interlocutory judgment of the Special Term sustaining a demurrer to the complaint.

.The nature of the action, the facts, so far as material, and the questions certified are stated in the opinion.

*Alfred A. Gardner* and *William J. Kelly* for appellant. An Indian tribe has no legal capacity to sue in ejectment for tribal lands unless authorized to do so by statute. (*Montauk Tribe* v. *L. I. R. R. Co.*, 28 App. Div. 470; *Seneca Nation* v. *Christie*, 126 N. Y. 122.) The individual Johnson cannot maintain this·action on behalf of the alleged tribe as a tribe. (Code Civ. Pro. § 449.) An Indian tribe is a separate quasi-political unity. The right to its tribal lands is a right of temporary occupancy and is the right of an independent power, not of individuals. (*Seneca Nation* v. *Christie*, 126 N. Y. 135; *Town of Southampton* v. *M. B. O. Co.*, 116 N. Y. 7; *Trustees of East Hampton* v. *Vail*, 151 N. Y. 471; *Fellows* v. *Denniston*, 23 N. Y. 423; *Elk* v. *Wilkins*, 112 U. S. 99;

*People* v. *Dibble*, 16 N. Y. 212 ; *Goodell* v. *Jackson*, 20 Johns. 709 ; *Worcester* v. *State of Georgia*, 6 Pet. 558 ; *The Cherokee Trust Funds*, 117 U. S. 311 ; *Howard* v. *Moot*, 64 N. Y. 271.) No cause of action is stated in behalf of Johnson as an individual. (*Sheridan* v. *Jackson*, 72 N. Y. 173 ; *Scofield* v. *Whitelegge*, 49 N. Y. 260 ; *Cook* v. *Warren*, 88 N. Y. 40 ; *Knapp* v. *City of Brooklyn*, 97 N. Y. 523.) No authority is found in the Indian Law of New York for this action. (L. 1892, ch. 679, § 70 ; L. 1845, ch. 150.) One may not sue for many in ejectment. (*West* v. *Randall*, 2 Mason, 181 ; *Wormley* v. *Wormley*, 8 Wheat. 456 ; *Conro* v. *P. H. I. Co.*, 12 Barb. 58 ; *McKenzie* v. *L'Amoureux*, 11 Barb. 518 ; *Kerr* v. *Blodgett*, 48 N. Y. 66.)

*Francis M. Morrison* and *Leman B. Treadwell* for respondent. The capacity to sue is independent of a cause of action, and the facts showing the plaintiff's capacity to sue are not the facts which constitute his cause of action. (*Bank of Lowville* v. *Edwards*, 11 How. 216 ; *Viburt* v. *Frost*, 3 Abb. Pr. 120 ; *Myers* v. *Machado*, 6 Abb. Pr. 198.) The absence of capacity to sue must appear in the complaint, and if it merely fails to show the facts conferring capacity, the objection must be taken by answer. (*Phœnix Bank* v. *Donnell*, 40 N. Y. 410 ; *Barclay* v. *Q. M. Co.*, 6 Lans. 25 ; *Bank of Havana* v. *Magee*, 20 N. Y. 355.) Plaintiff's legal capacity to sue cannot be questioned under the third question submitted herein, " that the complaint does not state facts sufficient to constitute a cause of action." ( *Van Zandt* v. *Van Zandt*, 26 N. Y. S. R. 963 ; Code Civ. Pro. § 490 ; *Foley* v. *M. & E. Pub. Co.*, 28 N. Y. Supp. 778.) The right of the Indian to bring suit is expressly conferred by statute. (1 R. S. [9th ed.] 204, § 5.) The right of one or more persons to prosecute an action on behalf of themselves and others having a common general interest with them is well settled. (*Bear* v. *A. R. T. Co.*, 36 Hun, 400 ; *Mead* v. *S. L. M. L. Ins. Co.*, 61 How. Pr. 1 ; *Bloete* v. *Simon*, 19 Abb. [N. C.] 88 ; *Strasser* v. *Moonelis*, 23 J. & S. 197 ; *Rogers* v. *N. Y. & T. L. Co.*, 17 N. Y. S. R.

131; *Jones* v. *Felch*, 3 Bosw. 63; *McKenzie* v. *L'Amoureux*, 11 Barb. 516.) There is no defect of parties plaintiff in this action, in that the members of the alleged Montauk Tribe of Indians are not made parties plaintiff. (*Strong* v. *Waterman*, 11 Paige, 607; *Seneca Nation* v. *Christie*, 126 N. Y. 122; 162 U. S. 283.) Where two or more persons are entitled to the possession of real property, as joint tenants or tenants in common, one or more of them may maintain an action to recover his or their undivided shares in the property, in any case where such an action might be maintained by all. (Code Civ. Pro. § 1500; *Cruger* v. *McLaury*, 41 N. Y. 219; *Kellogg* v. *Kellogg*, 6 Barb. 116; *Hubbell* v. *Lerch*, 58 N. Y. 237.) The complaint herein states facts sufficient to constitute a cause of action. (Code Civ. Pro. § 1500; *Shepard* v. *M. Ry. Co.*, 117 N. Y. 442; *Hasbrouck* v. *Bunce*, 62 N. Y. 476; Swan on Pleading, 156; *Taylor* v. *Crane*, 15 How. Pr. 358; *Frost* v. *Duncan*, 19 Barb. 560; *Viburt* v. *Frost*, 3 Abb. Pr. 119; *Hobart* v. *Frost*, 5 Duer, 672; *Phœnix Bank* v. *Donnell*, 40 N. Y. 410; *F. F. Ins. Co.* v. *Baldwin*, 37 N. Y. 648.)

BARTLETT, J. This appeal is taken by permission of the Appellate Division, which certified three questions to this court : (1) Has the plaintiff in this action legal capacity to sue ? (2) Is there a defect of the parties plaintiff in this action, in that the members of the alleged Montauk Tribe of Indians are not made parties plaintiff ? (3) Does the complaint herein state facts sufficient to constitute a cause of action ?

This is an action of ejectment brought by the plaintiff, a citizen of the United States of Indian blood and lineage and a member of the Montauk Tribe of Indians by right of birth and affiliation, on behalf of himself and all other persons equally interested with him, who may come in and contribute to the expenses of the action.

The demurrer contains a number of grounds stated in detail why the plaintiff cannot maintain this action.

The single question presented is, whether the plaintiff as a member of this tribe of Indians can maintain ejectment on behalf of the tribe in the form of action already described.

The Special Term sustained the demurrer to the complaint, but the Appellate Division, with a divided court and expressing the opinion that the plaintiff's right is not free from doubt, reversed the interlocutory judgment on the ground that this action is brought in accordance with the views expressed on a prior appeal.

Justice WILLARD BARTLETT dissenting was of the opinion that the complaint in the present action was not framed in accordance with the previous decision.

The prior appeal referred to was in the case of *Montauk Tribe of Indians,* by Wyandank Pharoah, their chief and king, against the present corporation defendant. (28 App. Div. 470.)

In that case a demurrer was sustained to the complaint on the ground that the plaintiff had no legal capacity to sue, and the Appellate Division affirmed the interlocutory judgment to that effect.

CULLEN, J., who wrote the opinion of the court, in which all of the justices concurred, said : " It is not worth while to enter upon any discussion of the *status* of the Indian tribes within this state, as we think that on the question now before us we are concluded by authority. In *Strong* v. *Waterman* (11 Paige, 607) it was held that, while the Indians had the undoubted right to the beneficial use and occupancy of their lands, no provision had been made by law for bringing ejectment to recover possession of them ; that as a body or tribe, the Indians have no corporate name by which they can institute such a suit."

The learned judge then pointed out that the same doctrine had been laid down in *Seneca Nation* v. *Christie* (126 N. Y. 122.)

That was an action of ejectment brought by the Seneca Nation of Indians to recover certain lands in Erie county, and this court held that the right of the plaintiff to sue in that form was given by, and was dependent upon a statute,

59

which was a special act for the protection and improvement of the Seneca Indians residing on certain reservations in this state. (Chap. 150, Laws 1845.)

Judge ANDREWS, who wrote the opinion of the court, cites on this point the case of *Strong* v. *Waterman* (*supra*) undoubtedly to show that under the law of the state as it then stood, this action could not be maintained by the Indian tribe, except by the provisions of an enabling act.

In the case of *Strong* v. *Waterman* (*supra*) the action was brought by Strong and Gordon, chiefs of the Seneca Nation of Indians against a white man for an injunction restraining him from committing trespasses and waste upon the reservation of the tribe and from interfering with its possession.

The immediate proceeding was a motion to dissolve this injunction. The chancellor, in the course of his opinion, states : "No provision, however, has been made by law for the bringing an ejectment to recover the possession of Indian lands in the Cattaraugus reservation. For the right to the possession is in several thousand individuals in their collective capacity ; which individuals, as a body, have no corporate name by which they can institute an ejectment suit. * * * The Indians cannot therefore institute a suit in the name of the tribe ; but they must sue in the same manner as other citizens would be required or authorized to sue, for the protection of similar rights."

It was, therefore, held that the two persons named as complainants, having been authorized by the council of chiefs, might file a bill for an injunction, to which reference has been made, to protect their possession. This was placed expressly upon the ground that if the common law furnished no sufficient protection of the rights of the tribe it is a part of the acknowledged jurisdiction of equity to interpose for its relief.

The learned chancellor evidently recognized a broad distinction between the rights of the tribe in defending its possession of lands and bringing ejectment to secure possession.

We have been cited to no statute nor to any controlling decision authorizing the present action.

The respondent has referred to certain sections of the Indian Law as tending to authorize this action, more particularly section 11 thereof, relating to trespasses on tribal lands, which provides that an action may be brought in the name of the People of the state against any person other than an Indian trespassing upon the tribal lands, by the district attorney of the county, or in the name of the nation, tribe or band, by any three of the chiefs, head men or councillors thereof, etc.

This section obviously has no application to the present situation, and substantially existed as section 8 of chapter 234 of the Laws of 1841, which was in force four years before the decision of *Strong* v. *Waterman (supra)*. It is a clear recognition of the necessity for legislation in the premises at that early day.

In the opinion to which reference has already been made, Justice Cullen said (28 App. Div. 472): " Still the Indians are not without redress. They may apply to the legislature for authority to maintain an action like the present, *or it may be* that, under the authority of *Strong* v. *Waterman (supra)*, an action might be instituted by one of their number on his own behalf and on behalf of the other Indians of his tribe."

This is evidently the view expressed on the prior appeal, which led the Appellate Division, in the order we are reviewing, to hold that this plaintiff had legal capacity to sue.

It is to be observed that the learned judge, after referring to the undoubted right of the legislature to authorize the action, merely suggested that, under the authority of *Strong* v. *Waterman (supra)*, it might be that an action like the present could be instituted. The expression is evidently intended as a view of the case, concerning which the writer was in doubt. As already intimated, we do not regard *Strong* v. *Waterman (supra)* as authorizing this action.

A decision holding that this action could be maintained either by the tribe, or an individual member thereof, on behalf of himself and all others who should come in and contribute, would be contrary to the policy and practice which have been long established in our treatment of the Indian.

tribes. They are regarded as the wards of the state, and generally speaking, possessed of only such rights to appear and litigate in courts of justice as are conferred upon them by statute.

It is conceded by the complaint in this action "that the tribe have no legal capacity to sue therefor and have no corporate name by which they can institute such a suit."

The theory of an action by one for the benefit of all is, that where a large number of persons, not incorporated, are vested with a cause of action, it may be enforced in that manner, but when it is admitted, as in this case, that the tribe has no cause of action, it follows, logically, that no one member of the tribe could sue for the benefit of all, as the cause of action does not exist.

We are of opinion, however, that the Montauk Tribe of Indians are not without legal redress in the premises, as by an application to the legislature an enabling act can be obtained allowing action to be brought on behalf of the tribe, in the name of its chief or head, or in the name of such member or members thereof as may be selected.

It is much better that this course should be pursued than to sustain an action in the present form, which it is conceded by the learned court below is not free from doubt, and which we regard as contrary to long-established public policy.

We answer the three questions certified to us in the negative.

The order appealed from should be reversed and the interlocutory judgment affirmed, but, under the circumstances, without costs to either party in this court.

O'BRIEN, HAIGHT and MARTIN, JJ., concur, and PARKER, Ch. J., concurs in result; VANN and LANDON, JJ., dissent.

Order reversed, etc.