EMELINE JIMESON, Respondent, *v.* IRA PIERCE and Others, Appellants.

*Cattaraugus Indian reservation — the land may be held in severalty by the Indians — the word "heirs" in chapter 679 of 1892 includes the widow — enforcement by the Supreme Court of a partition made by the Peace Makers Court — chapter 253 of 1900 relates to the remedy only.*

The State, being the owner of the Cattaraugus Indian reservation, it was competent for the Legislature to provide in section 7 of the Indian Law (Laws of 1892, chap. 679) that an Indian upon such reservation could acquire and hold in severalty and in fee simple lands upon such reservation according to the laws of the State of New York, and that such lands might be partitioned among his heirs at his death.

The word "heirs" used in such section includes the widow of a deceased Indian.

Section 47 of the Indian Law, as amended by chapter 229 of the Laws of 1893, which provides that the Peace Makers Court for the Seneca Indians, a part of whom are on the Cattaraugus reservation, shall have "exclusive jurisdiction * * * to hear and determine all questions and actions between individual Indians residing thereon involving the title to real estate on such" reservation, confers on such court jurisdiction to partition real estate among the heirs of a deceased Indian.

Under section 53 of the Indian Law, as amended by chapter 253 of the Laws of 1900, which provides. "In case the action or proceeding is one not within the jurisdiction of Justices' Courts, the application may be made to a court having jurisdiction of actions of the same nature," the widow of a deceased Seneca Indian who, by a judgment of the Peace Makers Court, entered prior to the enactment of the amendment of 1900, has had her dower in lands located on the Cattaraugus reservation set off to her, and who has been denied possession of such dower, may maintain an action in the Supreme Court of the State of New York to enforce the judgment of the Peace Makers Court.

The amendment of 1900 relates to remedies merely, and is, therefore, not open to objection on the ground that it is retroactive.

APPEAL by the defendants, Ira Pierce and others, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 19th day of November, 1901, upon the decision of the court, rendered after a trial at the Erie Special Term, overruling the defendants' demurrer to the complaint, and also from an order made at the Erie Special Term and entered in said clerk's office on the 16th day of November, 1901, directing the entry of such judgment.

*J. J. Spencer,* for the appellants.

*Leroy Andrus,* for the respondent.

WILLIAMS, J.:

The judgment and order should be affirmed, with costs, with leave to plead over.

The action was brought to recover possession of real property on the Cattaraugus Indian reservation, Erie county, and to enforce a judgment of the Peace Makers Court of said reservation.

The complaint alleges that all the parties are Seneca Indians; that the plaintiff is the widow of Thomas Jimeson, deceased, and sixty-four years of age; that said deceased was a Seneca Indian, and died on said reservation September 16, 1890; that he left him surviving, besides his widow, the following children: Adelaide Pierce, Anthony Jimeson, Orvel Armstrong, Page Jimeson, Eli Jimeson, Israel Jimeson, Julia Jimeson, Thomas Jimeson, Jr., and Hattie Jimeson, all of full age; that deceased at his death was the owner and in possession of a farm on the reservation of 103.74 acres, which had been allotted, apportioned and set apart for him, and fenced, cultivated and improved by him for thirty-five years, and the plaintiff had shared in the work and labor of such cultivation and improvement; that the improvements on the farm included a house, barn, granary and other buildings, besides fences, orchards, meadows and cultivated fields; that after the death of deceased, and before May 19, 1895, proceedings were duly begun in the Peace Makers Court for the partition of such farm and the assignment of the widow's dower, such court having full jurisdiction in the proceedings; that commissioners were appointed by that court to make such partition and set off the widow's dower, and that the report, judgment, award and partition of such commissioners became and was the judgment of the Peace Makers Court, which was duly entered July 11, 1895, and that such judgment assigned and set off to the widow, this plaintiff, and awarded to her the right of possession of real property described in the complaint, containing 9.90 acres, with the appurtenances, including the dwelling house, granary, hog and chicken house, orchard and shade trees on the premises; that the marshal of the Seneca Indians for the Cattaraugus reservation was directed by the judgment to put plaintiff in pos-

session of the property so set off to her; that during the pendency of the proceedings in partition the defendants Adelaide Pierce, a daughter of the deceased, her husband Ira and their son Gideon, took possession of the property so set off to the plaintiff and declared their intention, notwithstanding such judgment, to hold the same by force if necessary, and have done so, and now wrongfully keep possession thereof and have at all times excluded this plaintiff therefrom; that the judgment was delivered to the marshal, and June 5, 1895, he attempted to execute the same and to place this plaintiff in possession of the property, but the defendants resisted him and his posse with force and firearms, and compelled them to retire for fear of their lives; that the defendants threaten to kill the marshal if he further attempts to execute the judgment, and the marshal, fearing that his life may be taken, refuses to execute the judgment, and the defendants continue to occupy the premises and keep the plaintiff out of the possession thereof. These are the facts alleged upon which the plaintiff asks the relief that the judgment may be enforced and that she may recover possession of the real property described in the complaint.

The defendants state for their ground of demurrer that this court has not jurisdiction of their persons, nor of the subject of the action; that the plaintiff has not legal capacity to sue because she is a Seneca Indian, and the defendants are also, and the controversy involves the title to real property on the Cattaraugus reservation and damages for withholding the same, and that the Peace Makers Court has exclusive jurisdiction of all controversies between Seneca Indians and involving titles to lands on such reservation, and that the complaint does not state facts sufficient to constitute a cause of action.

Assuming that the Legislature of this State had power to do so, it apparently did provide that an Indian upon the Cattaraugus reservation could acquire and hold in severalty and in fee simple lands upon such reservation, according to the laws of the State, and that such lands might be partitioned among his heirs at his death. (Indian Law [Laws of 1892, chap. 679], § 7.)

The complaint alleges that plaintiff's husband was at the time of his death the owner of the farm in question. The complaint further alleges that after his death the farm was partitioned by

proceedings in the Peace Makers Court, and in such proceedings the dower of the widow, the plaintiff, was set off to her.

The Indian Law passed in 1892, as amended in 1893 (Chap. 229), by section 47 provided for the Peace Makers Court for the Seneca Indians, a part of whom were on the Cattaraugus reservation, and among other things gave it " exclusive jurisdiction  *  *  *  to hear and determine all questions and actions between individual Indians residing thereon involving the title to real estate on such " reservation.    This is the only language which can be regarded as giving that court jurisdiction to partition real estate among the heirs of a deceased Indian.    It very likely is sufficiently broad to cover such a proceeding.    The language of section 7 of the Indian Law, which provided for the partition of real estate among the heirs of a deceased Indian, very likely covers the rights of the widow, as well as the children, although only the word " heirs " is used.    If the Indian during his lifetime holds the lands in fee simple, according to the laws of the State, and the interest of his children therein after his death is governed by the laws of the State as to descent, we see no reason why the same law as to the rights of a widow should not apply also.    Section 48 of the Indian Law (as amd. by Laws of 1893, chap. 229) provided for the records of the judgments of the Peace Makers Courts, and then section 53 of the original law, as amended in 1893 (Chap. 229), and finally in 1900, by chapter 253, provided for the enforcement of judgments of those courts.    This section, as enacted in the original law of 1892 provided merely for the enforcement of judgments by process to be issued, and section 54 provided that the process should be executed by the marshal having the powers of a constable and of a sheriff. But as amended in 1893, section 53 provided for such enforcement by an action in Justice's Court, making a copy of the judgment of the Peace Makers Court, certified by its clerk, conclusive evidence of the right of recovery and the amount thereof, and by execution upon the Justice's Court judgment in the usual form, and subjecting the Indian's person and property to such execution.    The section as amended in 1893 took away all right to issue process to the marshal to enforce the judgment of the Peace Makers Court, and provided only for such enforcement of judgments as could be had in Justices' Courts within their jurisdiction as to amount and the

nature of the claim, and section 54 as thus amended took away all power from the marshal to execute such process.

In 1900 the following clause was added at the end of section 53 as amended in 1893 : " In case the action or proceeding is one not within the jurisdiction of Justices' Courts, the application may be made to a court having jurisdiction of actions of the same nature."

This is the language which the plaintiff relies upon as entitling her to maintain the present action, and it seems to cover the case. Under the Code (§ 1558), in an action in the Supreme Court where actual partition has been made, the final judgment provides that the parties entitled to the possession of the several distinct parcels shall be let into the possession thereof. Section 1613 provides for final judgment in an action for dower where a distinct parcel has been set off to the widow, that it shall award to her possession thereof during her natural life. After such final judgment in either action the widow has her remedy by writ of assistance or by action of ejectment to secure possession, if it is still denied her. ( *Wilbor* v. *Danolds,* 59 N. Y. 657 ; Thomas Mort. 371 *et seq.*)

If the Legislature had power to pass these statutes, we see no reason why the complaint does not allege a good cause of action. Under the statutes referred to the Supreme Court has jurisdiction of the persons of the parties, the plaintiff has legal capacity to maintain the action, and the complaint fairly states facts constituting a cause of action, and the grounds of the demurrer are not, therefore, well taken. The scheme of the statutes is apparent, and the plaintiff brings herself within the terms thereof.

We are not prepared to say that the Legislature had not the power to provide for the Indians upon this reservation the remedies for the protection of their rights embodied in these statutes. These Indians are regarded as wards of the State, and possess such rights to appear and litigate in courts of justice as are conferred upon them by statute. (*Johnson* v. *Long Island R. R. Company,* 162 N. Y. 468.)

For many years the Legislature has passed laws for the protection of the rights and property of these Indians and the enforcement of such rights under the laws so passed. We see no reason why such laws should not be regarded as valid, and should not be enforced. While it has been frequently held that Indians cannot

come into our courts and bring actions in the absence of acts of the Legislature enabling them to do so, yet it has always been held that they can do so under enabling acts when they have been passed. (*Seneca Nation* v. *Christie,* 126 N. Y. 122, 147; *Johnson* v. *Long Island R. R. Company,* 162 id. 468.)

If it is said that the Legislature had no power to provide for the acquiring by an individual Indian of a title in fee to lands upon this reservation, inasmuch as their rights in and to such lands are rights of occupation merely, the reply is that the *State* is the owner in fee of the lands, as held by the cases hereinbefore referred to, and the State has power to release its title to the individual Indians and to provide that such Indians may acquire a title in fee therein according to the laws of the State.

We think the allegations of the complaint are sufficient upon demurrer. Upon the trial of the action the facts with reference to the acquiring of the title in fee by the deceased and the partition thereof after his death will have to be proved in order to maintain the action. The act of 1900 relates to remedies merely and is not open to the objection that it is retroactive. (*Matter of Davis,* 149 N. Y. 545.)

The views hereinbefore expressed lead us to conclude that the demurrer was properly overruled by the trial court and that the judgment and order appealed from should be affirmed. The defendants should have leave to plead over upon payment of costs of the demurrer and of this appeal within twenty days after service of a copy of this decision.

McLennan, Spring and Hiscock, JJ., concurred; Davy, J., not voting.

Judgment and order affirmed, with costs, with leave to the defendants to withdraw their demurrer and plead over within twenty days after service of a copy of this decision upon payment of the costs of the demurrer and of this appeal.