JEMISON v. PIERCE.

(Supreme Court, Appellate Division, Fourth Department.   March 1, 1905.)

1. INDIANS—COURTS—DECREES—ENFORCEMENT.

Under the Indian law (Laws 1892, p. 1587, c. 679, § 53, as amended by Laws 1893, p. 415, c. 229, and Laws 1900, p. 506, c. 253), providing for the enforcement of judgments of Peacemakers' Courts by application to a court having jurisdiction of actions of the same nature, and declaring that a copy of the judgment of the Peacemaker's Court, certified by its clerk, shall be conclusive evidence of the right of recovery, the Supreme Court, in an action to enforce a decree in partition rendered by the Peacemaker's Court, cannot go back of the decree, to ascertain the relationship and interests of the parties, which were determined by such decree.

2. SAME—PROCEEDINGS IN INDIAN COURTS—NEW TRIALS—NOTICE TO INTERESTED PARTIES.

The action of the Council of the Seneca Nation in directing a new trial of partition proceedings before the Peacemaker's Court, of the reservation, without any notice to a party to whom dower was allotted by the decree in partition, was void as to such party.

3. SAME—ENFORCEMENT OF DECREES—PARTIES.

A widow of a Seneca Indian, to whom dower was allotted by a decree of the Peacemaker's Court in partition proceedings, was sufficiently a party to the decree to entitle her to maintain an action under the Indian law (Laws 1892, p. 1587, c. 679, § 53, as amended by Laws 1893, p. 415, c. 229, and Laws 1900, p. 506, c. 253) to enforce the decree.

Appeal from Special Term, Erie County.

Action by Emeline Jemison against Adelaide Pierce. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS. HISCOCK, and STOVER, JJ.

Ansley, Spencer & Ansley, for appellant.
Leroy Andrus, for respondent.

WILLIAMS, J. The judgment should be affirmed, with costs.

The same action has once been in this court upon demurrer to the complaint (78 App. Div. 9, 79 N. Y. Supp. 3), and it was held the complaint stated a good cause of action. Issue was thereupon joined by the service of an answer, and a trial was subsequently had, resulting in a judgment against the defendant, Adelaide Pierce, from which this appeal is taken.

The action was brought, under section 53 of the Indian law (chapter 679, p..1587, Laws 1892, amended by chapter 229, p. 415, of Laws 1893, and chapter 253, p. 506, of Laws 1900), to recover possession of.real property on the Cattaraugus Indian reservation, and to enforce a judgment of the Peacemaker's Court of such reservation. So far as the questions of law were determined when the case was here before, they need not be reconsidered now. We then said at the conclusion of our opinion that:

"Upon the trial of the action the facts with reference to the acquiring of the title in fee by the deceased, and the partition thereof after his death, will have to be proved, in order to maintain the action."

The facts found by the court, and made a basis of the judg-
ment, are briefly as follows: All the parties to the action are
Seneca Indians. The plaintiff is the widow of Thomas Jemison,.
deceased, and is 66 years old. Deceased was a Seneca Indian, and
died on the Cattaraugus reservation December 16, 1890, and had.
been married to plaintiff 35 years before. Prior to his death he·
and plaintiff had for some years been in possession of a farm on·
the reservation, of 103.74 acres, which had been set apart and sep-
arately occupied by him, and improved by clearing the forest and·
reducing it to cultivation. The improvements included a house,.
barn, granary, and other outbuildings, orchards, fences, meadows,.
and cultivated fields. The deceased left at his death five children·
by a former marriage (Adelaide—defendant—Eli, Orrel, Page, and·
Anthony), and four children by his marriage with plaintiff (Thomas,
Hattie, Julia, and Israel). March 23, 1894, Page, one of the older
children, made an application to the Peacemaker's Court of the
reservation for the appointment of commissioners to partition the
farm left by deceased, and that court issued a summons for the
parties to appear March 31, 1894. On that day all the parties ap-
peared in person or by counsel. Proofs were made as to advance-
ments made by deceased to some of the parties, and as to the rel-
ative rights of the parties. The court thereupon rendered judg-
ment, settling the rights of the parties, and directing partition of
the farm. April 8, 1894, an appeal was taken from the action of the
Peacemaker's Court to the Council of the Seneca Nation; and·
April 10, 1895, the action of the Peacemaker's Court was affirmed,
and defendant, Adelaide, had notice of the affirmance. No other
appeal was taken thereafter. April 25, 1895, the Peacemaker's·
Court appointed three commissioners to make the partition. They
took the oath of office, and partitioned the farm among the heirs·
of deceased; setting apart to the widow, this plaintiff, 9.97 acres,
with the improvements thereon. The report of the commissioners·
was made, and June 11, 1895, was confirmed by the Peacemaker's·
Court; and the court decreed that the plaintiff, widow of de-
ceased, should take, hold, and use the property set apart to her·
during her natural life, and the marshal of the Seneca Nation was·
directed to put her in possession. During the pendency of the
proceeding the defendants entered into possession of the property
set apart to the plaintiff, and resisted the execution of the decree.
May 2, 1902, Page Jemison was served with a notice to appear·
before the Council of the Seneca Nation in the partition matter
on May 3, 1902, and on the latter day such council adopted a reso-
lution in form directing a new trial of the matter before the Peace-
maker's Court, but the plaintiff here had no notice of that pro-·
ceeding. This action had then been commenced, July 17, 1901.,
The defendants Ira and Gideon were not parties to the partition·
proceedings. The defendant Adelaide was a party thereto, and.
had ever since excluded the plaintiff from possession of the prop-
erty set off to her. Upon these facts the court held that the parti-
tion proceedings were heard and determined according to law,.
and that the action of the council May 3, 1902, was without juris-

diction and void. It dismissed the complaint as to defendants Ira and Gideon, and ordered judgment against Adelaide; confirming the decree of the Peacemaker's Court, and directing the same to be carried into effect; adjudging the plaintiff entitled to possession of the property set off to her, and that she be at once put into possession thereof, and maintained therein during her natural life, against the defendant Adelaide. Some objections are raised to the findings of fact, but a careful examination of the record leads us to the conclusion that all the findings are supported by the evidence and the inferences fairly to be drawn therefrom. The proceedings in the Peacemaker's Court and the Council of the Seneca Nation, the appellate tribunal, were proven by the records. The proceedings were more or less informal, and the records loosely kept and preserved. There was a decree, however, in partition, which was confirmed on appeal. This action is not brought to review the trial resulting in such decree, but to enforce the decree made, and the statute makes a certified copy of the decree conclusive evidence of the right to the decree. In this action the court cannot go back of the decree to ascertain whether the plaintiff was ever married to the deceased; whether the children by the first wife were entitled to greater interests in the farm partitioned than were determined by the decree; whether the property partitioned was held by the deceased during his life by such a title as gave his widow dower therein after his death. These and other questions suggested by appellant here were settled by the decree made by the Peacemaker's Court, and confirmed by the Council of the Seneca Nation on appeal, and cannot be reviewed or reconsidered by the court in this action. The action by the appellate tribunal May 3, 1902, granting a new trial in Peacemaker's Court, was clearly without jurisdiction, and void as to this plaintiff, who had no notice thereof. The record does not show precisely when this plaintiff became a party to the partition proceeding. The decree provided expressly for her dower. She was interested in the decree, and sought to recover the property set off to her thereunder. She was sufficiently a party to the decree to entitle her to maintain this action to enforce the same.

We see nothing in the record to call for a reversal of this judgment, and therefore conclude it should be affirmed, with costs. All concur.