(165 App. Div. 636)

### TERRANCE v. GRAY et al.

(Supreme Court, Appellate Division, Third Department. January 6, 1915.)

1. INDIANS (§ 27*)—JURISDICTION OF COURTS.

    Indians are wards of the state, and, generally speaking, are possessed of only such rights to appear and litigate in courts of justice as are conferred upon them by statute.

    [Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 19, 20; Dec. Dig. § 27.*]

2. INDIANS (§ 27*)—JURISDICTION OF SUPREME COURT—EXISTENCE OF "PEACE-MAKER'S COURT."

    Under Indian Law (Consol. Laws, c. 26) § 5, providing that any right of action, jurisdiction of which is not conferred upon a peacemaker's court, may be enforced in any court of the state, the Supreme Court has jurisdiction of an action of replevin between members of the St. Regis Tribe of Indians, since section 106 of the Indian Law, providing that the chiefs in such tribe in council assembled may hear charges of trespass and controversies involving title to land in the reservation, no provision being made for enforcement of the judgment' or for an appeal, does not create a "peacemaker's court."

    [Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 19, 20; Dec. Dig. § 27.*]

Appeal from Trial Term, Franklin County.

Action by George Terrance against Peter Gray and Alexander White. Judgment for plaintiff, and defendants appeal. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Moore & Cooney, of Malone (A. B. Cooney, of Malone, of counsel), for appellants.

Kellas, Genaway & Kellas, of Malone (Le Roy M. Kellas, of Malone, of counsel), for respondent.

LYON, J. The parties to this action are Indians, members of the St. Regis Tribe, and reside on the St. Regis reservation, in Franklin county, in this state. The action is in replevin, to recover hay, oats, and straw grown in the summer of 1913, upon land which was allotted in 1902, by the chiefs of the tribe, to Thomas Gray, a member of said tribe, who died intestate in 1906, leaving the defendants, Peter Gray and Hattie White, the wife of the defendant Alexander White, his only heirs at law. In January, 1907, through conveyances by said heirs and others, all of whom were members of said tribe, which conveyances were duly recorded in Franklin county clerk's office, and also in the St. Regis Tribal and Register Book, and the title having

been duly located and confirmed by a majority of the chiefs of said tribe in July, 1907, the plaintiff acquired the exclusive right to the possession and use of the land.

During the year 1910, and the two succeeding years, the plaintiff cultivated the land and harvested the crops, and in May, 1913, while the plaintiff was in peaceable possession and having oats sowed, the defendants forcibly entered and took possession of the land, taking therefrom, in July and August, 1913, the said hay, oats, and straw which have been found by the court to belong to the plaintiff, and to be of the value of about $475, for which sum, with interest and costs, the judgment appealed from was rendered. While the defendants in their answer denied the plaintiff's title to the land, they now base their claim of right to a reversal of the judgment solely upon the ground that it affirmatively appears by the evidence that there was a tribal court for the St. Regis Indians, empowered by law to settle disputes of this character, and that it was a custom to settle such disputes, and hence that the Supreme Court was without jurisdiction in the premises.

[1, 2] Unquestionably the Indians are wards of the state, and, generally speaking, are possessed of only such rights to appear and litigate in courts of justice as are conferred upon them by statute. Johnson v. Long Island Railroad Co., 162 N. Y. 462, 56 N. E. 992.

"Any demand or right of action, jurisdiction of which is not conferred upon a peacemaker's court, may be prosecuted and enforced in any court of the state, the same as if all the parties thereto were citizens." Indian Law (Consol. Laws, c. 26; Laws 1909, c. 31) § 5.

The right of the plaintiff to resort to this court for the relief sought in this action depends, therefore, upon whether the St. Regis Indians had, within the intent of the statute, a peacemaker's court which had jurisdiction of the subject-matter. The only provision as to the St. Regis Tribe, relating to the hearing of disputes, is section 106 of the Indian Law, which provides:

"The chiefs of such tribe, in council assembled, may hear and determine charges of encroachment or trespass on lands cultivated or occupied by any Indian, entered or described in the clerk's book of records, and controversies involving the title to property between individual Indians residing on such reservation."

No provision is made for enforcing the judgment or award, or for an appeal.

The only provision in the Indian Law for a peacemaker's court is found in article 4, relating to the Seneca Indians. Provision is there made for the election of three peacemakers, the holding of the peacemaker's court, defining its authority, the making of rules and enforcing them, the bringing of parties and witnesses into court, administering oaths to witnesses, fixing the time within which the determination of the court must be made, the keeping of a record of the transactions of the court, and the power to award costs. However, the right of the court to award damages is limited to $100. As to the Allegany and Cattaraugus reservations of the tribe, the court is also given the exclusive power to grant divorces between the Indians re-

siding upon the reservation, and to hear and determine all questions between individual Indians residing thereon, involving the title to real estate on such reservations.

Appeal may be taken from the decision of the peacemaker's court to the council of the Seneca Nation, consisting of eight councilors elected by the members of the tribe. The case is decided by the council upon the evidence taken in the peacemaker's court, and such additional evidence as the council may determine to hear. The decision of the council is conclusive. In case of the failure of any party to comply with the determination so rendered, the party in whose favor it may be is entitled to recover the amount awarded in a state court having jurisdiction of actions of the same nature, and in such actions the record of such determination is conclusive. The marshal of the tribe is authorized to execute all orders and process of the peacemaker's court. It has been held that these provisions are sufficient to give the peacemaker's court jurisdiction to partition real estate among the heirs of a deceased Seneca Indian. Jimeson v. Pierce et al., 78 App. Div. 9, 79 N. Y. Supp. 3.

The appellant contends that the chiefs of the St. Regis Tribe in council assembled constitute a peacemaker's court of that tribe, within the intent and meaning of section 5. But the right of the council to hear disputes is simply permissive, and without any authority upon its part to issue process of any kind, or in any manner to compel the submission of controversies, or to enforce its decisions. Its power to act as a judicial tribunal is wholly dependent upon the willingness of the parties to voluntarily submit their differences to it and to abide by its determination when made. Manifestly it was not the intention to include in the courts referred to in section 5 of the Indian Law as peacemaker's courts, the informal council of chiefs of the St. Regis Tribe, but only those courts designated in the statute as peacemaker's courts. As found by the trial judge, no peacemaker's court exists in the St. Regis Tribe. Hence, unless the state courts have jurisdiction to hear and determine this controversy, the plaintiff is without remedy. That the state courts have this right seems clear. Peters v. Tallchief, 121 App. Div. 309, 106 N. Y. Supp. 64.

The judgment appealed from should therefore be affirmed. All concur.