Ida Mulkins, Plaintiff, v. Nellie Snow, Emeline Tompkins, Esau Snow and Jason Snow, Individually and as Administrator of Jason Snow, Deceased, Defendants.

(Supreme Court, Chautauqua Special Term, March, 1919.)

Pleading — when motion for judgment on the pleadings does not present all questions raised on demurrer — Code Civ. Pro. §§ 488, 547.

Jurisdiction — Indians — Peacemakers' Court of Allegany and Cattaraugus reservations — action to determine title to real property — pleading — Indian Law, § 46 — Code Civ. Pro. § 1638.

    While a motion by defendants for judgment on the pleadings under section 547 of the Code of Civil Procedure admits every material allegation of the complaint, it does not present all the questions which may be raised on a demurrer under section 488 of said Code.

    In an action brought under section 1638 of the Code of Civil Procedure to determine title to real property the complaint alleged that plaintiff, a Seneca Indian residing outside of the jurisdiction of the Peacemakers' Court of the Cattaraugus reservation of Indians in Chautauqua county, was the owner and in possession, as sole tenant, of the lands described in the complaint, situate on said reservation, and that she has been in possession thereof for more than one year. The answer of the defendants, all of whom are Seneca Indians, pleaded that the court had no jurisdiction over the parties and that under section 46 of the Indian Law the Peacemakers' Court of the Allegany and Cattaraugus reservations had exclusive jurisdiction of the matter in controversy. *Held*, that the question of jurisdiction over the parties and the subject matter was presented by defendants' motion for judgment on the pleadings, and that as they stand, the motion should be granted.

    Though a demurrer to a former amended complaint containing an allegation that plaintiff, as well as the defendants, were Seneca Indians on the reservation, had been sustained, yet, if plaintiff has a cause of action she should be given an opportunity to litigate and allowed to amend the present complaint.

The order to be entered on the motion herein to provide that plaintiff, if she so elects, may serve an amended complaint conforming in all respects to the present complaint, but to contain an allegation that plaintiff is not a resident upon the Allegany or Cattaraugus reservations, and in the event of the non-service of such amended complaint judgment on the pleadings for the dismissal of the complaint, with costs, may be entered.

MOTION by defendants for judgment on the pleadings under section 547 of the Code of Civil Procedure.

Hudson Ansley, for motion.

Thomas H. Larkins, opposed.

COLE, J. Issue has been joined by the service of an amended complaint and answer thereto, and the defendant moves for judgment on the pleadings under section 547 of the Code of Civil Procedure. This motion admits every material allegation of the complaint. *McCarthy* v. *Fitzgerald,* 139 N. Y. Supp. 950.

If the plaintiff is entitled to relief under any allegations of the complaint, the motion must be denied *Emanuel* v. *Walter,* 138 App. Div. 818–819.

By moving for judgment the defendant admits every material fact alleged in the complaint, and if the plaintiff is entitled to any relief, either legal or equitable, the defendant is not entitled to judgment, even though the relief demanded is not the precise relief to which he is entitled. *Clark* v. *Levy,* 130 App. Div. 389; *Guggenheim* v. *Guggenheim,* 95 Misc. Rep. 332.

And the motion evidently does not present all the questions which may be raised by demurrer, under section 488 of the Code of Civil Procedure. *Van Tuyl*

v. *New York Real Estate Security Co.,* 153 App. Div. 409–411; *Prankard* v. *Cooley,* 147 id. 145.

The complaint in this action alleges:

(1) That the plaintiff owns and is entitled to the possession of the lands described therein, situate on the Cattaraugus Reservation of Indians in Chautauqua county, N. Y.; that she acquired such title and right to possession by deed from one Jason Snow.

(2) That plaintiff is in possession of such premises as sole tenant.

(3) That the plaintiff is a Seneca Indian *residing outside of the territorial jurisdiction of the Peacemakers' Court of said reservation.*

(4) That defendants are all Seneca Indians.

(5) That the real property described in the complaint has been in possession of the plaintiff for more than a year.

This action is brought under the provisions of section 1638 of the Code of Civil Procedure to determine title to real property. That the limited right of occupancy which under section 55 or section 7 of the Indian Law the individual Indian may acquire in the tribal lands, is one which may be determined under this provision of the Code, is not at all certain, but need not be decided on this motion for the reasons hereinafter appearing.

The defendants urge as a first, and as they claim fatal, objection to the sufficiency of the complaint, that the court has no jurisdiction over either the parties or the controversy, for the alleged reason that it appears from the allegations of the complaint that the plaintiff and defendants all reside on the Indian Reservation, and that the controversy relates to title to real property situate thereon, exclusive jurisdiction over which is conferred on the Peacemakers' Court of said reservation by section 46 of the Indian Law.

The allegation is that the plaintiff is a Seneca Indian " residing outside of the territorial jurisdiction of the Peacemakers' Court of said reservation."

I see no inconsistency between this allegation and the subsequent one that the plaintiff is *in possession* of the lands, which are situate on the reservation and within the jurisdiction of the Peacemakers' Court, for the possession required by section 1638 of the Code of Civil Procedure as the basis of this action does not require actual physical residence thereon by the plaintiff owner. The possession of a tenant is sufficient. *King* v. *Townshend,* 78 Hun, 380; *Merritt* v. *Smith,* 50 App. Div. 349.

The plaintiff annexes to her complaint and makes a part thereof the petition in certain proceedings to obtain a writ of prohibition restraining the Peacemakers' Court from exercising jurisdiction over this same controversy, and the defendants urge that in that petition it is alleged by the plaintiff here that she is a half-breed and not entitled to share in the tribal lands. Defendants are in error in this contention, however. The petition referred to alleges that the *peacemakers* assert that the plaintiff is a half-breed and not entitled to share in the tribal lands.

The allegation of the complaint as above stated is that the plaintiff resides " outside of the territorial jurisdiction of the Peacemakers' Court." This is not an allegation of any fact, but is clearly a legal conclusion and the complaint is, therefore, the same as if *no allegation* were therein contained concerning *plaintiff's* residence. We have then this situation:

*First.* The individual members of an Indian tribe, and the tribe itself, are possessed of only such rights to appear and litigate in courts of justice as are conferred upon them by statute. *Johnson* v. *Long Island R. R. Co.,* 162 N. Y. 462–468; *Seneca Nation of Indians*

Supreme Court, March, 1919. [Vol. 106.

v. *Appleby,* 196 id. 318–322; *Jimeson* v. *Pierce,* 78 App. Div. 9, 13, 14; *Hatch* v. *Luckman,* 64 Misc. Rep. 508; affd., 155 App. Div. 765.

In the absence of congressional action the state legislature may confer upon the individual Indians or the tribe the right to come into our courts and litigate their controversies and may determine what courts shall have jurisdiction thereof. *Jimeson* v. *Pierce, supra; Hatch* v. *Luckman, supra.*

*Second.* By section 46 of the Indian Law it is provided that the Peacemakers' Court of the Allegany and Cattaraugus Reservations " shall have jurisdiction to determine * * * all questions and actions between individual Indians residing thereon involving the title to real estate on such reservations."

*Third.* Section 5 of the Indian Law provides that "Any demand or right of action, jurisdiction of which is not conferred upon a peacemakers' court, may be prosecuted and enforced in any court of the state, the same as if all the parties thereto were citizens."

Section 55 of the Indian Law provides for the acquisition of portions of the tribal lands by individual Indians, either by allotment by the nation or by appropriation, cultivation and improvement.

It is unnecessary upon this motion to determine the status of the individual Indian or the precise character of either his right or the right of the tribe in the tribal lands. The " title " referred to in section 46 conferring exclusive jurisdiction upon the Peacemakers' Court contemplates this limited right of occupancy which the individual Indian acquires under section 55.

The exclusive jurisdiction of the Peacemakers' Court exists as to *such* controversies " between individual Indians *residing thereon* " (on the reservation). As to all other " demands and rights of

action " the individual Indians may appear " in any court of the state the same as if the parties thereto were citizens."

The jurisdiction evidently (if it be assumed that section 1638 of the Code applies to such an interest in land as that now under consideration) of the other courts over such a controversy exists by virtue of section 5 where the Indians do not *reside on the reservation.*

Under the complaint herein it is alleged that the defendants are Indians and all reside on the reservation. There is no allegation concerning the residence of the plaintiff for the reason that the attempted allegation in that respect is of a mere legal conclusion.

The question is therefore presented, must the plaintiff show by affirmative allegations that the Peacemakers' Court *has not jurisdiction* of the controversy by alleging that some or all of the Indian parties to the controversy do not reside on the reservation? Or is the fact of jurisdiction (which is exclusive) of the Peacemakers' Court matter of defense to be affirmatively alleged by the defendant? This involves a construction of the statute conferring jurisdiction.

It is to be kept in mind that the only jurisdiction is such as is conferred by statute, as appears by the authorities already cited. And the jurisdiction so conferred is of " any demand or right of action, *jurisdiction of which is not conferred upon a peacemakers' court.*" The limitation upon the right to appear " in any court of the state the same as if the parties thereto were citizens," appears in the enacting clause of the provision in section 5 conferring jurisdiction, and must therefore be negatived by the complaint. *Harris* v. *White,* 81 N. Y. 532–546; *Rowell* v. *Janvrin,* 151 id. 60, 66, 67.

In *Gervais* v. *Chicago, R. I. & P. R. Co.,* 12

N. Y. Supp. 312, the plaintiff was a non-resident
and the defendant was a foreign corporation.
It was held that the plaintiff was not entitled
to maintain the action. The complaint contained
no allegation concerning the residence of the
plaintiff and was demurred to. It was held (although
by a divided court) that the fact of non-resi-
dence was matter of defense and need not be nega-
tived by the complaint. That case differs in principle
from this, however, for the reason that general juris-
diction over citizens exists, and if the fact of non-
residence exists, it is to be alleged before the court is
deprived of jurisdiction; while jurisdiction over con-
troversies among Indians *does not exist in the absence
of remedial legislation,* and the facts must be alleged
bringing the case within the provisions of the statute
conferring jurisdiction, where it affirmatively appears
that the parties thereto are Indians. This the plain-
tiff has not done. This question is fairly presented
by this motion. While the question of *capacity to sue*
does not seem to be presented by a motion under sec-
tion 547 of the Code of Civil Procedure (*Van Tuyl* v.
*New York Real Estate Security Co.,* 153 App. Div.
409), yet the controversy here involves something
more than mere *capacity to sue.* It involves the ques-
tion of jurisdiction over the parties and the subject
matter, and I think it is fairly presented by this
motion. *Childs* v. *Childs,* 68 Misc. Rep. 472; *Schleiss-
ner* v. *Goldsticker,* 135 App. Div. 435.

The defendants are entitled to judgment on the
pleadings, as they stand. If the plaintiff has a cause
of action which may be litigated in this court, she
ought to be given the opportunity to litigate it here,
and in that event should be given the right to amend
her complaint. In a former amended complaint she
alleged that she, as well as the defendants, were Seneca

Indians residing *on* the reservation. A demurrer to her complaint was consequently sustained. She amended again by the complaint now under consideration, and by an allegation which is evidently purposely evasive, asserts that she resides " outside the jurisdiction of the Peacemakers' Court." This is, of course, a mere assumption by the pleader of the province of the court. If she does not reside on the reservation, it is a very simple matter to so allege and no subterfuge or evasion is required and ought not to be practiced.

An order may be entered to the following effect:

*First.* Within ten days after service of a copy of this order with notice of entry thereof on the plaintiff, upon payment of the costs of this action to date, she may, if she so elects, serve an amended complaint, alleging that the plaintiff is not a resident upon the Allegany or Cattaraugus reservations. In all other respects said amended complaint to be the same as the present complaint.

*Second.* If such amended complaint be not so served, and said costs so paid within said time, then judgment on the pleadings dismissing the complaint, with costs, may be entered. Ten dollars costs of this motion are allowed.

Ordered accordingly.