(51 Misc. Rep. 352.)

JIMESON v. LEHLEY et al.

(Supreme Court, Special Term, Erie County. August, 1906.)

1. STATUTES—TITLE OF ACT—LOCAL LAW.
 Laws 1900, p. 506, c. 252, ratifying "the Revised Constitution of the Seneca Nation of Indians, adopted November 15, 1895," and providing for a surrogate's court in such nation, does not contravene the provision that

no local bill shall embrace more than one subject, to be expressed in the title.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, §§ 133, 184.]

2. INDIANS—APPOINTMENT OF ADMINISTRATOR—REMEDY BY APPEAL.

Where letters have been improperly issued by the surrogate's court of Seneca Nation on the estate of a member of that nation, the remedy is not by an action in equity, but by appeal to the council of the nation under its Constitution.

Action by Page Jimeson against Frank Lehley and others to obtain revocation of letters of administration. Complaint dismissed.

Leroy Andrus, for plaintiff.
Congdon & Congdon, for defendants.

WOODWARD, J. Matilda Jimeson, a New York Indian, died intestate on the 20th day of December, 1904. It is claimed that she was married to the plaintiff in the year 1890, and it is not disputed that she was the mother of two children, Oscar and Ruth, both of them under age, who have lived with the plaintiff during at least one year prior to the commencement of this action. Matilda Jimeson, as a member of the Seneca Nation of Indians, would, if living, have been entitled to a proportionate share of an award made by the federal courts under the treaty of Buffalo Creek of 1838, and the plaintiff's theory seems to be that he has an equitable right to this fund as the husband of the said Matilda Jimeson and father of the said children. One Kennedy, who was elected and who served as Indian surrogate under the provisions of the Constitution of the Seneca Nation, as approved and ratified by the Legislature, soon after the death of the said Matilda Jimeson, acting in the premises, duly appointed the defendants as administrators of the estate, and the plaintiff seeks to have the letters of administration revoked that he may come into the possession of this fund.

The principal contention of the plaintiff is that the Indian surrogate was without jurisdiction; that the so-called Constitution of the Seneca Nation, as ratified by the Legislature, is unconstitutional and void; and that any pretended action on the part of this official is without effect. While it is not distinctly pointed out by counsel just what equitable rights the plaintiff has in the property of the late Matilda Jimeson, it not being entirely certain that he was the husband of the deceased, we are disposed to consider the constitutional or jurisdictional question presented. There can be no doubt that the Seneca Nation of Indians has, through its peacemakers' court, dealt with all questions of the character of that now before us for many years. While they have occupied a territory within the boundaries of the state of New York, and have been subject to state legislation, they are to an extent wards of the nation, and they have not been deemed to be within the administrative provisions of the state Constitution, but special provisions have always existed for their internal government. Within certain limitations they have constituted an independent nation. They have controlled their own domestic affairs to a greater or less extent, and when the Constitution of this state has provided for the creation of courts and administrative officers it has been understood that it was

dealing with the problems affecting the citizens of the state, not with the affairs of the Indians. When, therefore, the Seneca Nation of Indians, on the 15th day of November, 1898, adopted a revised Constitution, providing for the creation of a surrogate's court, it was acting within the limits long recognized in this state, and the Legislature, in ratifying and confirming this Constitution, was not transgressing any of the provisions of the Constitution of the state in reference to the creation of Surrogates' Courts.

But it is urged that the act of ratification is unconstitutional, as violating section 16 of article 3, which provides that:

"No private or local bill, which may be passed by the Legislature, shall embrace more than one subject, and that shall be expressed in the title."

Beyond question this is a local bill, but in what respect does it contravene this provision of the Constitution? There is only one subject contained in the act, and that is expressed fully in the title. It is "to ratify and confirm the Constitution of the Seneca Nation of Indians, adopted on the 15th day of November, 1898," and the act does not attempt to do anything more. It sanctions the new Constitution in place of the old one. The fact that the Indian Constitution provides for the creation of a surrogate's court and for various other incidental matters does not offend against the Constitution, any more than an act incorporating a municipal body would offend because it provided for the creation of a Police Court in connection with a provision for a common council or administrative departments. The object of the constitutional provision cited was to prevent covering up legislation, or binding the public and their representatives to the real purpose of an act, and certainly the legislation known as chapter 252, p. 506, of the Laws of 1900 is not open to this objection. It tells frankly and fully the object of the act, and the act itself is in exact conformity with the title.

The act not transgressing the Constitution, and the Constitution of the Seneca Nation of Indians providing for the creation of a surrogate's court which shall have jurisdiction of the estates of Indians, and an appeal being permitted to the council of the nation, we are of opinion that the plaintiff has failed to pursue his proper remedy, and that there is no room for the interposition of a court of equity; for the plaintiff, if he has an interest in the subject-matter, has a complete remedy by way of an appeal, and this court will not presume that such a remedy is not adequate. The complaint should be dismissed upon the merits, with costs.

Complaint dismissed, with costs.