(83 Misc. Rep. 325.)

### PEOPLE ex rel. JIMESON et al. v. SHONGO et al.

(Supreme Court, Special Term, Erie County. December 31, 1913.)

1. PROHIBITION (§ 1*)—"WRIT OF PROHIBITION."

The "writ of prohibition" is an extraordinary writ issued out of the superior court, directed to the judge and parties of a suit in an inferior court, commanding them to cease from the prosecution thereof, upon a suggestion that either the cause originally or some collateral matter arising therein is beyond the jurisdiction of the court.

[Ed. Note.—For other cases, see Prohibition, Cent. Dig. § 1; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 6, pp. 5668–5674; vol. 8, p. 7767.]

2. INDIANS (§ 27*)—JURISDICTION—JUDGMENT OF PEACEMAKERS' COURT.

A supreme court is without jurisdiction to issue a writ of prohibition restraining the Peacemakers' Court of the Cattaraugus reservation and the parties to an action in partition therein from proceeding with a sale pursuant to a judgment approved by the council of the nation in accordance with Indian Law (Consol. Laws 1909, c. 26) § 50; the Peacemakers' Court being a court of exclusive jurisdiction and not inferior to the Supreme Court.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 19, 20; Dec. Dig. § 27.*]

Application by the People, on relation of Glennie M. Jimeson and others, against one Shongo and others, for a writ of prohibition directed to the Peacemakers' Court of the Cattaraugus Reservation. Denied.

Leroy Andrus, of Buffalo, for relators.
Fred J. Blackmon, of Buffalo, for defendants.

WOODWARD, J. An action was commenced in the Peacemakers' Court of the Cattaraugus Indian reservation to partition certain lands on the Cattaraugus reservation, resulting in a judgment in favor of the plaintiffs. The relators appealed to the Council of 'the Nation, where the judgment was affirmed, and the premises have been advertised for sale pursuant to the judgment. The relators now ask for a writ of prohibition directed to the defendants restraining them from proceeding with the sale.

As we gather from the moving papers, the proceeding has passed into final judgment in the Peacemakers' Court, has been affirmed by the Council of the Nation, and now nothing remains but the carrying of the judgment into execution, and this court is asked to intervene by a writ of prohibition and prevent the sale of the land. The relators contend that the Peacemakers' Court has no jurisdiction of the subject-matter of the action, while the defendants contend that this court is without jurisdiction to grant the writ asked for, and that the Peacemakers' Court has exclusive jurisdiction of the subject-matter.

[1] The writ of prohibition is an extraordinary writ, issuing out of a superior court, directed to the judge and parties of a suit in an inferior court, commanding them to cease from the prosecution thereof upon a suggestion that either the cause originally or some collateral matter arising therein is beyond the jurisdiction of the court. 23 Am. & Eng. Ency. of Law, 195.

[2] But is this court a superior court, with jurisdiction to restrain the Peacemakers' Court? The Indians are not citizens of this state; they occupy in many respects the position of an independent nation; and it was held in Jimeson v. Lehley, 51 Misc. Rep. 352, 101 N. Y. Supp. 215, that a court of equity was without jurisdiction to interfere with letters of administration granted by the Indian Surrogate's Court; and I am of the opinion that it has no greater authority in the case now under consideration. In Worcester v. State of Georgia, 6 Pet. 557, 8 L. Ed. 483, the court, after referring to various acts of legislation, says:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"All these acts, and especially that of 1802, which is still in force, manifestly consider the several Indian nations as distinct political communities, having territorial boundaries, within which their authority is exclusive, and having a right to all the lands within those boundaries, which is not only acknowledged but guaranteed by the United States. ⁕ * ⁕ The treaties and laws of the United States contemplate the Indian Territory as completely separated from that of the states and provide that all intercourse with them shall be carried on exclusively by the government of the Union."

While it is true, of course, that in our Indian Law we have made some police provisions in reference to the Indians, generally speaking they are not governed by our laws, and their courts are not inferior courts to our courts, but are courts of a foreign jurisdiction, over which we have no control. The Indian Law recognizes the Peacemakers' Court, and provision is not only made that this court on the Allegany or Cattaraugus reservations shall have "the exclusive jurisdiction to grant divorces between Indians residing on such reservation and to hear and determine all questions and actions between individual Indians residing thereon involving the title to real estate on such reservation (section 46 [Consol. Laws 1909, c. 26] Indian Law), but that, in the event of any party failing to comply with the directions or findings of the Peacemakers' Court, jurisdiction is given to the courts of this state to enforce such judgments; the certified record of the judgment in the Peacemakers' Court being made conclusive evidence of the right of recovery and of the amount of such recovery." But these powers are in the nature of police powers for the preservation of good order within the territorial limits of the state and in no sense authorize our courts to interfere to prevent the determination of the Peacemakers' Court. It is one thing to give a right to our courts to aid in the carrying out of the judgments and decrees of the Indian Courts, and such powers have been conceded, with some reluctance, to reside in the Legislature (Jimeson v. Pierce, 78 App. Div. 9, 13, 79 N. Y. Supp. 3), but it is quite another thing to intrude upon the exclusive jurisdiction conceded to exist in such courts for the purpose of inhibiting action, and I am clearly of the opinion that the determination of the Peacemakers' Court, affirmed by the Council of the Nation (section 50 [Consol. Laws 1909, c. 26] Indian Law), is conclusive as to the rights of the parties, and that this court is powerless, for want of jurisdiction, to grant any relief to the relators (Jones v. Gordon, 51 Misc. Rep. 305, 99 N. Y. Supp. 958; Jimeson v. Lehley, 51 Misc. Rep. 352, 101 N. Y. Supp. 215). The Indians have such rights in our courts as are granted by statute. Jimeson v. Pierce, 78 App. Div. 9, 14, 79 N. Y. Supp. 3, and authorities there cited. But our courts are without jurisdiction to hear and determine controversies between individual Indians in respect to their rights as members of the Seneca Nation, and this court is not a superior court having the authority to prohibit the action of the Peacemakers' Court.

The motion should be denied, with $10 costs.