THE PEOPLE OF THE STATE OF NEW YORK ex rel. IDA
MULKINS, Appellant, *v.* GEORGE A. JIMERSON et al.,
Respondents.

**Prohibition — writ will not be granted to guard against
apprehended errors only — Peacemakers' Court — assumption
that it will act only within its jurisdiction.**

1. A writ of prohibition will not be granted in anticipation of errone-
ous rulings by a court of limited jurisdiction on jurisdictional ques-
tions. It must be assumed that the Peacemakers' Court (Indian
Law, § 46) will not exercise jurisdiction unless it appears that the
summons was properly served; that the parties are Indians residing
on reservation; that the real estate in question is on such reservation;
that the peacemakers are competent to act and that the court has
power to grant the relief demanded or some relief. (*People ex rel.
Childs* v. *Extraordinary Term*, 228 N. Y. 463, followed.)

2. As to whether the Supreme Court is a superior court having
authority to prohibit action of the Peacemakers' Court, *quære.*

*People ex rel. Mulkins* v. *Jimerson*, 187 App. Div. 927, affirmed.

(Argued September 28, 1920; decided October 5, 1920.)

APPEAL, by permission, from an order of the Appellate
Division of the Supreme Court in the fourth judicial
department, entered July 1, 1919, which unanimously
affirmed an order of Special Term denying a motion for a
writ of prohibition.

The facts, so far as material, are stated in the opinion.

*Thomas H. Larkin* for appellant. A writ of prohibition
will issue. (*People* v. *Johns*, 80 Misc. Rep. 418; *People*
v. *Appo*, 20 N. Y. 531; *Hatch* v. *Luckman*, 118 N. Y. 689.)

*Hudson Ansley* for respondents. When the errors which
the appellant seeks to avoid are future apprehended errors
a writ of prohibition will not be granted to guard against
them. (*People ex rel. Ballin* v. *Smith*, 184 N. Y. 96.) A
writ of prohibition is granted only by a superior court
directed to an inferior court and then only when the

inferior court is assuming to act without jurisdiction. (*People ex rel. Hummel* v. *Trial Term,* 184 N. Y. 30; *People ex rel. Childs* v. *Extraordinary Term,* 228 N. Y. 463.)

POUND, J.   An action was begun against relator in the Peacemakers' Court of the Cattaraugus reservation of the Seneca Nation of Indians to recover possession of certain real estate.   Plaintiff forthwith, without appearing before the Peacemakers' Court, sought a writ of prohibition from the Supreme Court to arrest the proceedings on the ground that the court was without jurisdiction, asserting as the basis of her application the lawful existence of the court as a local statutory court of limited and inferior jurisdiction against which prohibition will properly lie.   The sole contention of the defendant is that the Peacemakers' Court has jurisdiction and that prohibition may not be granted to guard against apprehended errors only.

Indian Law (Cons. Laws ch. 26), section 46, provides that the peacemakers elected for the reservation shall constitute the Peacemakers' Court; that such court " shall have authority to hear and determine all matters, disputes and controversies between any Indians residing upon such reservation, whether arising upon contracts or for wrongs, and particularly for any encroachments or trespass on any land cultivated or occupied by any one of them, and which shall have been entered and described in the clerk's book of records " and " exclusive jurisdiction   *   *   *   to hear and determine all questions and actions between individual Indians residing thereon involving the title to real estate on such " reservation.   Indian Law, section 50, provides for an appeal from the decision of a Peacemakers' Court of the Seneca Nation to the council of such nation, and section 52 provides for the enforcement of its judgments in state courts having jurisdiction of actions of the same nature.

A writ of prohibition will not be granted in anticipation

of erroneous rulings by a court of limited jurisdiction on jurisdictional questions. It must be assumed that the Peacemakers' Court will not exercise jurisdiction unless it appears that the summons was properly served; that the parties are Indians residing on the reservation; that the real estate in question is on such reservation; that the peacemakers are competent to act; that the court has power to grant the relief demanded or some relief. (*People ex rel. Childs* v. *Extraordinary Trial Term of Supreme Court*, 228 N. Y. 463.) In *People ex rel. Jimeson* v. *Shongo* (83 Misc. Rep. 325; affd., on opinion of WOODWARD, J., below, 164 App. Div. 908) it is held that the Supreme Court is not a superior court having authority to prohibit action of the Peacemakers' Court, but that question is not before us and is not considered.

The order appealed from should be affirmed, with costs.

HISCOCK, Ch. J., CHASE, HOGAN, CARDOZO, CRANE and ELKUS, JJ., concur.

Order affirmed.