IDA MULKINS, Appellant, *v.* NELLIE SNOW et al., Respondents.

Indians — sovereignty of Federal government over Indians and Indian tribes living upon reservation within the state of New York — Peacemakers' Courts of Seneca tribe — to maintain action in Supreme Court complaint must show that Peacemakers' Court has no jurisdiction.

1. The tribe of Seneca Indians under the treaties with the United States is a *quasi* foreign nation, and the land in its reservation is *quasi* extraterritorial. The members of the tribe are wards of the nation and Congress has full authority to legislate for them within

their reservation, and the Supreme Court of this state, although it has general jurisdiction in law and equity (N. Y. Const. art. 6, § 1), may not intrude upon the exclusive jurisdiction of the courts of the reservation Indians.

2. The Indian Law of this state (Cons. Laws, ch. 26, § 46) providing for Peacemakers' Courts on the Cattaraugus Reservation declares that the peacemakers elected for the reservation shall constitute the Peacemakers' Court and that such court shall have authority to hear and determine all matters, controversies and disputes between any Indians residing upon such reservation and particularly for any encroachment or trespass on any land cultivated or occupied by any one of them, which land shall have been entered and described in the clerk's books of record, and have exclusive jurisdiction to hear and determine all questions and actions between Indians residing thereon involving the title to real estate on such reservation, and hence no action between Seneca Indians involving the title to, or possession of, land in the Cattaraugus Reservation can be maintained in the Supreme Court unless the complaint contains, under section 5 of the Indian Law, proper allegations showing affirmatively that the Peacemakers' Court has no jurisdiction.

3. An allegation that plaintiff "resides outside the territorial jurisdiction of the Peacemakers' Court of said reservation," is not the allegation of a fact and hence it does not appear on the face of the complaint that the Peacemakers' Court is without authority to determine the dispute between the parties.

*Mulkins* v. *Snow*, 189 App. Div. 923, affirmed.

(Argued October 7, 1921; decided October 25, 1921.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 16, 1920, affirming a judgment in favor of defendants entered upon an order of Special Term granting a motion by defendants for judgment on the pleadings.

*Thomas H. Larkin* for appellant. The court below committed reversible error in holding that a plaintiff in the Supreme Court of this state must allege jurisdiction facts. (N. Y. Const. art. 6, § 1; *Hart* v. *Hatch,* 3 Hun, 375; *Alexander* v. *Bennett,* 60 N. Y. 204; *People ex rel. Ryan* v. *Green,* 58 N. Y. 295; *People* v. *Nichols,* 79 N. Y.

582; *People ex rel. Swift* v. *Luce,* 204 N. Y. 478; *Matter of P. S. Com.* v. *Bklyn. H. R. Co.,* 105 Misc. Rep. 254; *Gervaise* v. *C., R. I. & P. R. R. Co.,* 58 Hun, 610; *Carter* v. *Herbert Booth King Bro. Pub. Co.,* 56 N. Y. Supp. 382; *Bushausky* v. *Latinberg,* 145 N. Y. Supp. 898; *Matter of Moore, Inc.,* v. *Canadian L. Co.,* 120 App. Div. 735; *Johnson* v. *Adams Tob. Co.,* 14 Hun, 89; *Barber* v. *Barber,* 137 App. Div. 565;· *Young* v. *Carter,* 10 Hun, 194.) The Special Term erred in holding that the Indian Law conferring exclusive jurisdiction on the Peacemakers' Court and divesting the Supreme Court of its jurisdiction is controlling in the case at bar. (N. Y. Const. art. 6, §§ 1, 18; *Popfinger* v. *Yutti,* 102 N. Y. 38; *People* v. *Johns,* 141 N. Y. Supp. 225.)

*Hudson Ansley* for respondent. Plaintiff cannot maintain the action. (*Bohn* v. *Hatch,* 133 N. Y. 64.) The Seneca Nation of Indians cannot maintain an action to quiet title under section 1638 of the Code. (*Seneca Nation* v. *Appleby,* 196 N. Y. 318.) Neither can a member of the tribe. (*Johnson* v. *Long Island R. R. Co.,* 162 N. Y. 462.) Assuming that the action can be maintained, the complaint does not state facts sufficient to constitute a cause of action. (Indian Law, § 46; *Silverheels* v. *Matie,* 82 Misc. Rep. 48; *Harris* v. *White,* 81 N. Y. 532; *Gilbert* v. *York,* 111 N. Y. 544; *Cobb* v. *Met. C. Agency,* 31 Misc. Rep. 319.)

POUND, J. The action is brought by plaintiff to determine her right of possession of land on the Cattaraugus Indian Reservation in Chautauqua county, New York, now in her possession and to bar defendants from any right therein. On a motion for judgment on the pleadings the complaint was dismissed. The parties are Seneca Indians. The defendants reside on the reservation. It does not appear where plaintiff resides. She

4

alleges that she resides " outside the territorial jurisdiction of the peacemakers' court of said reservation," but this is not the allegation of a fact. It does not appear on the face of the complaint that the Peacemakers' Court is without authority to determine the dispute between the parties.

The Indian Law (Cons. Laws, ch. 26), section 46, providing for Peacemakers' Courts on the Cattaraugus Reservation, declares that the peacemakers elected for the reservation shall constitute the Peacemakers' Court; that such court " shall have authority to hear and determine all matters, disputes and controversies between any Indians residing upon such reservation, whether arising upon contracts or for wrongs, and particularly for any encroachments or trespass on any land cultivated or occupied by any one of them, and which shall have been entered and described in the clerk's books of records " and " exclusive jurisdiction  *  *  *  to hear and determine all questions and actions between individual Indians residing thereon involving the title to real estate on such " reservations. The Indian Law, section 5, further provides: " Any demand or right of action, jurisdiction of which is not conferred upon a peacemakers' court, may be prosecuted and enforced in any court of the state, the same as if all the parties thereto were citizens."

The general question of the power of the state to legislate for the tribal Indians living on reservations is full of doubt and confusion. The only question to be considered on this appeal is whether the plaintiff may maintain this action without alleging facts showing affirmatively that the Peacemakers' Court has not jurisdiction.

The lands in question are held by the Seneca Indians, as a distinct although a dependent nation, by conquest from other aboriginal tribes. Their lands are reserved to them by their treaties with the state of New York. Their right of occupation is acknowledged and confirmed

by treaty with the United States. (*Seneca Nation of Indians* v. *Christie,* 126 N. Y. 122.) They are the wards of the nation and Congress has full authority to legislate for them within their reservation. (*People ex rel. Cusick* v. *Daly,* 212 N. Y. 183.) When the state of New York legislates in relation to their affairs, its action is subject to the paramount authority of the federal government. The contention has been made with some force that when Congress does not act, no law runs on an Indian reservation save the Indian tribal law and custom. (*U. S. ex rel. Lynn* v. *Hamilton,* 233 Fed. Rep. 685; *U. S.* v. *Boylan,* 265 Fed. Rep. 165; *U. S.* v. *Seneca Nation of New York Indians,* 274 Fed. Rep. 946; *People ex rel. Jimeson* v. *Shongo,* 83 Misc. Rep. 325; affd., 164 App. Div. 909. See, also, *George* v. *Pierce,* 85 Misc. Rep. 105.) The principle that state laws may not apply to tribal reservation Indians in the absence of affirmative legislation on the part of Congress need not, however, be adopted. Numerous sections of the Indian Law define the powers and rights of such Indians in order to promote peace and good order and provide for the rule of law where Congress is inert and the Indians are incompetent or indifferent. The validity of such statutes will not be questioned here.

The Seneca Nation of Indians is a *quasi* foreign nation and its reservation is *quasi* extra territorial. (*People ex rel. Cusick* v. *Daly, supra.*) The Supreme Court has general jurisdiction in law and equity. (N. Y. Const. art. VI, sec. 1.) But the jurisdiction of the Supreme Court over controversies between reservation Indians, relating to the title to real estate on their reservations, is statutory and not constitutional. The Supreme Court may not intrude upon the exclusive jurisdiction of the courts of such Indians. The state has recognized to this extent, at least, their exclusive right to regulate their internal affairs when Congress does not interfere. The Peacemakers' Court is not a mere statutory local court of inferior jurisdiction. It is an Indian court, which has

been recognized and given strength and authority by statute. It does not owe its existence to the state statute and is only in a qualified sense a state court.

A Seneca tribal Indian not residing on the reservation might lawfully have the right of possession of such lands. Plaintiff might, with proper allegations under section 5 of the Indian Law, above quoted, maintain an action in the state court. The Supreme Court is as to Indian lands by the law of the state at best a court of limited jurisdiction. To give it jurisdiction over the controversy, it must appear on the face of the complaint that the Peacemakers' Court has no jurisdiction. To hold otherwise would lead to the conclusion that the Supreme Court has general jurisdiction over all controversies over Indian lands from which the legislature could not oust it and of which only Congress could deprive it.

The judgment appealed from should be affirmed with costs.

HISCOCK, Ch. J., HOGAN, CARDOZO, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgment affirmed.