ELMER MT. PLEASANT and Others, Plaintiffs, *v.* WILLARD GANS-WORTH and Others, Defendants.

Supreme Court, Niagara County, January 8, 1934.

*Tuttle, Rice & Stockwell* [*Robert S. Rice, Jr.,* of counsel], for the plaintiffs.

*Robert M. Codd, Jr.,* for the defendants.

NORTON, J. All of the parties are residents on the Tuscarora Indian reservation, situated in the town of Lewiston, Niagara county, N. Y.; all are Indians and all are members of the Tuscarora tribe, except the defendant Willard Gansworth, who is a member of the Onondaga tribe. The plaintiffs seek in this action to gain possession, together with damages for withholding the same, of certain Tuscarora Indian national lands, situate upon such reservation, which had been, prior to August 7, 1920, duly allotted to one Emeline Garlow and leased by her to the defendant Nellie Gansworth, who was on that date in possession thereof. On that date said Emeline Garlow died, a resident of the county of Niagara, leaving a will by which she devised the premises in question to Grant Mt. Pleasant and Minerva Mt. Pleasant, his wife, in equal shares, which will was admitted to probate, as a will of real estate, May 13, 1922, by the surrogate of Niagara county; and letters testamentary thereon were issued to said Grant Mt. Pleasant.

The plaintiffs, children of said Grant and Minerva Mt. Pleasant, by mesne devises and inheritance were vested with the title to such allotment prior to the commencement of this action.

There is no Peacemaker's Court and no tribal court upon the Tuscarora reservation; but there is a tribal council of the Tuscarora nation which derives no powers from the State of New York, nor the Federal government. Almost four years after the death of Emeline Garlow, and nearly two years after the probate of her will, the tribal council of the Tuscarora nation received from the defendant Nellie Gansworth, to whom, prior to her death, said decedent had leased such allotment, a claim against the estate of the decedent amounting to $647. The council notified Hamilton and Grant Mt. Pleasant thereof, neither of whom made any objection to such claim before the council; and the council thereafter, on March 25, 1924, awarded the possession of the allotment to the defendant Nellie Gansworth, who was then occupying the premises as a holdover under the said lease given her by decedent. Ever since said defendant Nellie Gansworth has in person or by her lessee occupied such allotment.

The defendants' contention that this court has no jurisdiction of the parties nor of the subject-matter of the action, on the ground

that such tribal council assumed to adjudicate upon the claim of the defendant Nellie Gansworth against the estate of her deceased landlord, Emeline Garlow, and to award to said defendant the premises in question in payment of her claim, is not sustained by, but is contrary to law and authority. A Tuscarora Indian may resort to the courts of this State for the enforcement of his rights; the Tuscaroras having no Peacemaker's Court, he would be without remedy if he may not go into the State courts for relief. (*Peters* v. *Tallchief*, 121 App. Div. 309; *Crouse* v. *New York State Railways*, 214 id. 678; Indian Law, § 5.)

That the tribal council assumed jurisdiction of the parties and the power to adjudicate the claim of defendant Nellie Gansworth, and also to set off the lands of decedent in satisfaction of such claim as allowed by it, did not vest the tribal council with such jurisdiction nor power; and its action and determination thereon were without authority, so far as appears, and, therefore, void. (*Hatch* v. *Luckman*, 155 App. Div. 765.)

The claim of defendants, that the Surrogate's Court of Niagara county had and could acquire no jurisdiction of the estate of Emeline Garlow, the decedent, and that its decree of May 13, 1922, admitting to probate her will, under which these plaintiffs claim title to the allotment in question, was void, and that the will never was effective to transfer the allotment, and that the tribal council was not precluded thereby, nor by such Surrogate's Court's administration of the estate, from subsequently intervening and disregarding and vitiating the action of the Surrogate's Court, is contrary to the law.

The Surrogate's Court of Niagara county, that being the county in which Emeline Garlow, the decedent, lived at the time of her death, and in which the Tuscarora reservation and the allotment in question are located, had jurisdiction to administer her estate. (*Matter of Printup*, 121 App. Div. 322; *Hatch* v. *Luckman, supra*.)

The cases of *Mulkins* v. *Snow* (232 N. Y. 47) and *Matter of Patterson* v. *Seneca Nation* (245 id. 433), cited by defendants in support of their claims as to the jurisdiction of this court of the parties and issues herein, are not in point. Those were actions involving members of the Seneca nation, which nation had duly erected, pursuant to treaty and Federal and State laws, a Peacemaker's Court which was duly functioning, which Peacemaker's Court had both jurisdiction of the parties and issues and full power to decide such issues. That is the purport of the opinion in *Matter of Patterson* v. *Seneca Nation* (*supra*) and *Mulkins* v. *Snow* (*supra*). It did not affirmatively " appear on the face of the complaint that the Peacemaker's Court has no jurisdiction," which Judge POUND, writing for the

court (on p. 52) said must be alleged in order to give the Supreme Court jurisdiction of such action.

In this action the complaint alleges, and it is stipulated, that there is no Peacemaker's Court upon the Tuscarora reservation; also that there is no legally instituted tribal court thereon.

It is the fact that upon the Tuscarora reservation " there exists a National Tribal Council of the Tuscarora Nation which derives none of its powers from any act of the Legislature of the State of New York nor of the Congress of the United States." However, such tribal council is not a Peacemaker's Court, and its existence does not constitute a bar to the jurisdiction of the State courts under section 5 of the Indian Law. (*Terrance* v. *Gray*, 165 App. Div. 636; 171 id. 11.)

The last case pertains to property on the St. Regis reservation, and the parties are members of that tribe, but the law as stated therein applies with equal force to property on and members of the Tuscarora nation, inasmuch as both the Tuscarora nation and the St. Regis tribe have no Peacemaker's Court.

Further, it does not appear that such tribal council has any power or sanction to administer estates of deceased members of the Tuscarora nation; to adjust or allow claims against estates of Tuscarora decedents, nor to set off or award such decedents interests in reservation allotments in payment of the debts of such decedents, nor to determine issues such as those involved in this action.

The claim of the defendant Nellie Gansworth against the estate of the decedent, Emeline Garlow, was never presented to nor passed upon by the executor of the will of such decedent, nor by the Surrogate's Court of Niagara county.

I conclude that these plaintiffs are the owners, and entitled to the possession, of the allotment in question, and to damages for the loss of the use and occupation thereof, in the sum stipulated, as the reasonable value of such occupation, viz., $300, together with the costs of the action.

Prepare findings and enter judgment accordingly.