120

## WASHBURN et al. v. PARKER et al.
### No. 1779.

District Court, W. D. New York.
June 4, 1934.

Robert M. Codd, Jr., of Buffalo, N. Y., for plaintiffs.

James E. Bixby, of Gowanda, N. Y., for defendants.

KNIGHT, District Judge.

This is an action in equity to restrain the Peacemakers' Court of the Seneca Nation of Indians on the Cattaraugus Reservation in the matter of the partition of certain real estate. The question of title in the lands in question has been under consideration by various courts over a period of more than twenty years. Through proceedings in the Peacemakers' Court of the Cattaraugus Indian Reservation, on June 24, 1912, a judgment was rendered in an action brought by the defendant herein, Alice Parker, against Glennie Jimeson and others, directing the sale of the lands involved in this action and the distribution of the proceeds therefrom. On appeal that judgment was affirmed by the Indian council. The defendants through proceedings in the state courts sought to stay such sale. The Supreme Court of New York State and the Appellate Division of the Supreme Court denied relief. The plaintiff in the aforesaid action proceeded to advertise the lands for sale under the judgment. Again the defendants therein, predecessors to the interest of the plaintiffs herein, sought a stay. In 1919 an action in equity was commenced in this court to effect the same end sought in the aforesaid action in the state court and that sought in the pending action. The action was dismissed in 1926 for want of prosecution.

In March, 1929, an application was made in the action brought in 1912 to the Peacemakers' Court for an order for the appointment of commissions to make actual partition of the lands in question. Such order was granted. On appeal to the council, such order was reversed and a new trial in the Peacemakers' Court directed. A new trial resulted in a decision in conformity with the original judgment. Again defendants therein appealed, and again the Peacemakers' Court was reversed. On a rehearing on the appeal, an order was made granting "the application for the re-opening of the case of Alice Parker." This action is brought to restrain further action in the case in the Indian courts.

In my opinion, the Indian tribunals have jurisdiction in the premises, and this court is without jurisdiction. The question involved here was decided in the aforesaid action in the state court in an opinion by Justice Woodward (People ex rel. Jimeson v. Shongo, 83 Misc. 325, 144 N. Y. S. 885, 887), and that decision was affirmed by the Appellate Court (164 App. Div. 908, 148 N. Y. S. 1137; Id., 164 App. Div. 965, 149 N. Y. S. 1104). While those decisions were in a state court, the reasoning of Judge Woodward is applicable here. It was there stated: "Their (Indian) courts are not inferior courts to our courts, but are courts of a foreign jurisdiction, over which we have no control." The precise question was also passed on in United States v. Seneca Nation of Indians et al. (D. C.) 274 F. 946, 951, in an opinion by Judge Hazel. This decision stands unreversed. The court cited numerous authorities to support its decision and differentiates numerous decisions claimed to support a contrary view. In concluding his opinion, Judge Hazel says: "My conclusion is that, in the absence of congressional action bestowing upon the individual Indians the right to litigate internal questions relating to their property rights in the federal courts, and conferring jurisdiction upon this court to determine such controversies, this court should not assume jurisdiction." The determination at which I arrive is also in accord with the view expressed by me in Rice v. Maybee et al. (D. C.) 2 F. Supp. 669. It is claimed here, as it was claimed there, that this court has jurisdiction by virtue of section 24, subd. 24, Judicial Code (28 USCA § 41 (24). Such statutory provision relates only "to any allotment of land under any law or treaty," and has no application to an action brought between Indians for the partition or sale of land as between themselves.

The complaint must be dismissed.