Rosalia Sanzone Carambia, Respondent, v. Samuel Sanzone, Individually and as Executor, etc., of Fillippo Sanzone, Deceased, and Others, Appellants.— Judgment affirmed, with costs. All concur.

The People of the State of New York, Respondent, v. John Murphy, Appellant.— Order affirmed, without costs. All concur.

In the Matter of the Discovery of Assets in the Estate of George Wolfe, Deceased. In the Matter of the Intermediate Judicial Settlement of the Accounts of Ralph Shulman, as Administrator of the Estate of George Wolfe, Deceased.— Decree affirmed, with costs. All concur.

In the Matter of the Application of M. Edwin Merwin, Petitioner, for a Certiorari Order against the Board of Supervisors of Erie County, New York, Respondent.— Determination of board of supervisors annulled, with fifty dollars costs and disbursements, and matter remitted to the board of supervisors to make a new audit after hearing petitioner. Memorandum: There was no competent proof to sustain the determination reviewed, which was to the effect that the services rendered to the county of Erie by the petitioners had a value of $5,000. There was such a preponderance of evidence against the existence of the fact that the services were worth only the sum of $5,000 that a verdict of a jury affirming the existence thereof rendered in an action in the Supreme Court triable by a jury would be set aside by the court as against the weight of the evidence. In coming to this decision we note particularly that the offer of the petitioner to present competent evidence as to the value of his services was declined; that there is no proof of any witness as to value except that contained in the petitioner's verified claim that there is no proof that the board of supervisors or the members thereof were themselves conversant in any number with the value of such services; that there is no showing that any inquiry or investigation was made other than is contained in the general statement that the board acted after due deliberation and consideration and not arbitrarily; and that the return contains a statement that certain members of the board understood at the time of the retainer that the petitioner's fee was not to exceed $5,000, and that such understanding is not shown to have been justified by the occurrences or to be in accord with the action then taken as evidenced by the resolution. All concur.

Elmer Mt. Pleasant and Others, Respondents, v. Willard Gansworth and Others, Appellants.— Judgment affirmed, with costs. All concur. [150 Misc. 584.]

In the Matter of the Probate of Heirship to Real Property within the State of New York to Which Pierina Filiberti Gervasini Died Seized in Fee.— Decree modified by striking out certain portions thereof and as modified affirmed, without costs, upon the ground that under section 311 of the Surrogate's Court Act the surrogate may determine heirship to property, but may not determine the title of the decedent. (Aubuchon v. N. Y., N. H. & H. R. R. Co., 137 App. Div. 834, 837.) All concur.

Teresina Guarascio, Respondent, v. Francesco Guarascio, Appellant.— Judgment affirmed, with costs. All concur. Present — Sears, P. J., Taylor, Edgcomb, Crosby and Lewis, JJ.

The People of the State of New York, Respondent, v. Frank Dominick Mezzatesta, Appellant.— Judgment of conviction affirmed. All concur.