## PEOPLE ex rel. CHARLES et al. v. BLACK-CHIEF et al.

### No. 1875.

District Court, W. D. New York.

Oct. 1, 1934.

Nelson T. Barrett, of Buffalo, N. Y., for plaintiff Charles.

Robert M. Codd, Jr., of Buffalo, N. Y., for defendant Blackchief.

KNIGHT, District Judge.

An action was brought in the Supreme Court of the state of New York for the partition of certain lands on the Tonawanda Reservation of the Seneca Indians and located in the county of Genesee, state of New York. Thereafter it was claimed that the chiefs of the council of Tonawanda band of the Seneca Nation of Indians threatened to take action to determine the interests of any parties in the lands aforesaid. An application was made to the Supreme Court of the state of New York, in the Eighth judicial district, for a writ prohibiting the chiefs of the council of the Tonawanda band of the Seneca Nation of Indians from further proceeding in making the aforesaid determination and carrying into effect or issuing any decree or mandate concerning the real property for the partition of which the action aforesaid was brought in the Supreme Court of the state of New York. A writ of prohibition was granted by the Supreme Court. The motion is made for the removal of all proceedings in the state court to the federal court.

It is claimed that the devolution of the property and the rights of the respective parties are different under the application of the state laws and the tribal laws of the Indian Nation. Hence it is we see this controversy over the question of jurisdiction.

Like many other questions which are raised in courts relative to the property rights and the administration of the affairs of the Indians, the question involved here presents a situation which has long waited legislative notice.

The defendant Blackchief points attention to the fact that the reservation now is a part of the properties included under the terms of the Treaty of Kon-on-daigua, executed in 1794, between the United States and the Six Nation Confederacy (7 Stat. 44). Attention is also pointed to the fact that under the terms of this treaty the United States acknowledges the rights of the Indians to lands in question and the free use and enjoyment thereof.

The construction placed upon this treaty by the defendant seems to be that lands of the reservation were and are held as communal, with reversion into the tribal authorities when individual possession is terminated, and that under the provisions of the United States Code Annotated, title 28, Judicial Code and Judiciary, § 41, subd. 24, the courts of the United States have original jurisdiction to the exclusion of the state court. Section 41, subd. 24, reads: "The district courts shall have original jurisdiction as follows: * * * (24) Suits concerning allotments of land to Indians; decrees; appeal. Twenty-fourth. Of all actions, suits, or proceedings involving the right of any person, in whole or in part of Indian blood or descent,

to any allotment of land under any law or treaty."

The petitioner points attention to no other statute giving the District Court jurisdiction. The District Court is one of limited jurisdiction. The limits of such jurisdiction are found in USCA title 28, § 41. That section does not confer jurisdiction upon this court to take cognizance of an action in partition in a case such as is presented here. We are not concerned with an action involving the right of any person "to any allotment of land under any law or treaty." The allotment therein referred to is such as may be made under provisions of chapter 9, title 25 USCA (section 331 et seq.). Such statute has no application here.

The question at issue has been passed upon by courts in numerous cases, and the decisions, as this court reads them, are uniformly against the position taken by petitioner. Rice v. Maybee et al. (D. C.) 2 F. Supp. 669; United States v. Seneca Nation (D. C.) 274 F. 946; U. S. v. Waldow (D. C.) 294 F. 111, affirmed U. S. ex rel. Kennedy v. Tyler, 269 U. S. 13, 46 S. Ct. 1, 70 L. Ed. 138.

■ The so-called "Constitutional Charter," adopted by the Seneca Indians in 1848, provided for the establishment of peacemakers' courts and also that "all cases of which the Peace Makers have not jurisdiction may be heard before the Council, or such courts of the State of New York as the Legislature thereof shall permit." No peacemakers' court has been set up for the Indians on the Tonawanda Reservation of the Seneca Nation. The Indian Law (Consol. Laws, c. 26), § 5, provides that "any demand or right of action, jurisdiction of which is not conferred upon a peacemakers' court, may be prosecuted and enforced in any court of the state, the same as if all the parties thereto were citizens." It would seem beyond question that the pending action can be prosecuted in the state courts and the rights of the parties determined in accordance with the laws which are applicable thereto.

■ It has been repeatedly said by this court that it is its view that the federal government has the paramount right to take jurisdiction over the Indian Nations or tribes. This rule is recognized by the Supreme Court of the United States. United States ex rel. Kennedy v. Tyler, 269 U. S. 13, 46 S. Ct. 1, 70 L. Ed. 138. It is recognized in the highest court of the state of New York. Mulkins v. Snow, 232 N. Y. 47, 133 N. E. 123. However, the federal authorities acting under stat-utory right have not sought to regulate the administration of the affairs of the Indians, but have recognized the right of the state court to do this. In the "Constitutional Charter" of 1848 we find the foundation laid for the enactment of state legislation made in the administration of the affairs of the Indians. The Indian Law of the state of New York contains many provisions with respect to the powers of the state in its dealings with the Indians within the state, and this statute has been uniformly sustained in its provisions in that respect. Attention in this connection may be called to these cases: Terrance v. Gray, 171 App. Div. 11, 156 N. Y. S. 916; Hill v. Shafty, 121 Misc. 273, 201 N. Y. S. 29; Lyons v. Lyons, 149 Misc. 723, 268 N. Y. S. 84; Mt. Pleasant v. Gansworth, 150 Misc. 584, 271 N. Y. S. 78.

Motion to remove the action herein to the federal court is therefore denied.