Nevins, J.
The plaintiff and defendant are tribal Indians of the Seneca Nation residing on the Cattaraugus Reservation. The action is to partition land lying within the County of Cattaraugus but located upon the Cattaraugus Indian Reservation.
The defendant moves to dismiss the complaint upon the grounds that the court has no jurisdiction to adjudicate a claim to lands within the boundaries of the Indian Reservation; and between tribal Seneca Indians. He cites Matter of Patterson v. Seneca Nation (245 N. Y. 433).
This case decides in substance that the Senecas were a nation with a strong central government and constitution. The judiciary powers were vested in a Peacemaker Court that should have exclusive jurisdiction of all civil causes arising between individual Indians residing on the reservation.
*510 About 5% of the population of this county are tribal Indians residing on the two reservations in our county. This court can see the mistakes, of the past in the treatment of these citizens and it is high time we looked to their future welfare. These Indians should be brought within our jurisdiction so that in this county there will be but one law, one allegiance, and one citizenry. It is not fair to them or to us who live with them to have them subject to one authority and code of laws, and we to another.
Subsequent to the decision in Matter of Patterson v. Seneca Nation (supra) the United States by enactment of section 233 of title 25 of the United States Code gave permission to the State of New York to assume jurisdiction in civil actions in proceedings between Indians, but limited the jurisdiction by providing: “That nothing herein contained shall be construed as conferring jurisdiction on the courts of the State of New York or making applicable the laws of the State of New York in civil actions involving Indian lands or claims with respect thereto which relate to transactions or events transpiring prior to September 13,1952.”
The plaintiff’s complaint alleges that she and the defendant are tenants in common in the land in question because of the death in 1919 of a common ancestor.
Subsequent to the enactment of section 233 of title 25 of the United States Code, section 5 of the Indian Law of the State of New York was amended (L. 1953, ch. 671) to provide: “Any action or special proceeding between Indians or between one or more Indians and any other person or persons may be prosecuted and enforced in any court of the state to the same extent as provided by law for other actions and special proceedings.”
If this statute has the force of law we ordinarily attribute to acts of our Legislature, the jurisdiction of the court would be clear.
On August 15, 1953, the United States enacted section 7 of Public Law 280 (67 U. S. Stat. 590) which provides: “The consent of the United States is hereby given to any other State not having jurisdiction with respect to criminal offenses or civil causes of action, or with respect to both, as provided for in this Act, to assume jurisdiction at such time and in such manner as the people of the State shall, by affirmative legislative action, obligate and bind the State to assumption thereof.”
This enactment, it would seem to me, relieves section 233 of title 25 of the United States Code of its limitation in respect to civil actions involving Indian lands relating to events transpir *511 ing prior to September 13, 1952. I, therefore, decide that the County Court of Cattaraugus County has jurisdiction to adjudicate in a civil action claims involving Indian Reservation lands within the county, and between tribal Indians of the Seneca Nation, regardless of when the transactions upon which the claim is based transpired.
I, therefore, deny the motion to dismiss the complaint, and direct the clerk to note the case on the trial calendar for disposition.