Ellis J. Staley, Jr., J.
This is an application pursuant to the provisions of sections 22 and 23 of the Court of Claims Act for an order directing distribution of funds on deposit in the State Bank of Albany as the result of an award made by the Court of Claims for the appropriation of certain lands for State highway purposes.
The original application was returnable at Special Term before Mr. Justice Cooice who made an order dated January 11, 1963 appointing Thomas V. Considine, Esq., as special guardian for Taylor Half town and referring the application to John Clifford Brady, Esq., as Official Referee to hear, try and report as to the rights of the various claimants herein. The Referee held hearings and took testimony on behalf of the petitioner, Nancy S. Jimerson, and the respondent, Taylor Halftown. The Referee has submitted his report which is now presented for confirmation wherein he has determined that the title to the land in question is vested in the petitioner, Nancy S. Jimerson.
The petitioner and the respondents are Seneca Indians and the property involved is situated within the Cattaraugus Reservation. In 1955 a boundary dispute arose between the petitioner and the respondents and on M-ay 21, 1955 pursuant to notice the Council of the Seneca Nation of Indians met and heard the matter of Hattie Halftown in behalf of the Halftown Estate v. Nancy S. Jimerson and rendered a decision awarding 3% acres of the disputed land to Nancy S. Jimerson and 15.7 acres to the Halftown Estate.
On October 20, 1956 the same Council reversed its original decision of May 21,1955 stating as follows:
“ Whereas, in the case of Hattie Halftown v. Nancy Jimerson, originally considered by this Council on May 21, 1955 an indefinite decision was reached, and
‘ ‘ Whereas, upon due application being made for re-hearing of the same a re-hearing was granted, but neither party has taken action to set re-hearing for a date certain, and
*1030 “ "Whereas, since said date of May 21, 1955 both parties, of necessity, have their claims before the New York State Court of Claims, and additional party or parties claimants have likewise filed claims to said lands before the New York State Court of Claims, giving to that Court jurisdiction over said 3rd party claims;
“Be It Resolved, That the decision of this Council entered on May 21,1955 be set aside and held for naught, and all parties claimants make proof of their claims before the New York State Court of Claims.”
The respondents claim that the decision of the Council of the Seneca Nation made on May 21, 1955 was a final and conclusive determination of the rights of the petitioner and the respondents to the disputed real property and is res judicata on this application for a distribution of the award for the real property appropriated by the State of New York.
The petitioner claims that the determination of title by the Referee is controlling and that the decision of the Council made on October 20, 1956 was a proper exercise of the judicial power of the Council.
Section 4 of the Seneca Constitution of 1898, as amended, provides that the judiciary power shall be vested in courts to be known as the Peacemakers’ Court and Surrogate’s Court. The Peacemakers’ Court was endowed with exclusive jurisdiction in all civil causes arising between individual Indians residing on the Seneca Reservation, The constitution further provides the procedure for an appeal from the Peacemakers’ Court to the Council of the Seneca Nation as follows: “All determinations and decisions of the court shall be subject to appeal to the Council, such appeal to be heard by at least a quorum of the council. All cases of appeal shall be decided by the council upon the evidence taken in Peacemakers Courts In every case on appeal, it shall be the duty of the peacemakers before whom the action or proceeding was had to certify the evidence in the cases taken before them to the council, in the same manner as Justices of the Peace are required on questions of appeal of law. The co%ncil shall then decide the case upon the evidence so certified, and the decision of the council shall be final between the parties.” (Italics supplied.)
Section 50 of the Indian Law of the State of New York which relates to appeals from a decision of the Peacemakers’ Court provides as follows: ‘ § 50. Appeals to council of Seneca nation. Within twenty days after the decision of a peacemakers’ court of the Seneca nation, an appeal may be taken to the council of such nation, by serving upon the adverse party and upon the *1031 peacemakers before whom the action or proceeding was heard a notice of such appeal. The peacemakers shall certify the evidence taken before them to the council. The appeal shall be heard by at least a quorum of the council, and shall be decided upon the evidence taken in the peacemakers’ court, and such additional evidence as the council may determine to hear. Upon the hearing any party shall have the right to appear either in person or by counsel and argue the merits of the ease. The decision of the council shall be conclusive.”
The Seneca Constitution and the Indian Law of this State make the decision of the Council of the Seneca Nation on appeals from the Peacemakers’ Court final between the parties and conclusive. Prior to 1953 the Peacemakers’ Court had exclusive jurisdiction of questions involving title to real property claimed by Indians living on a Seneca Reservation. By the enactment of chapter 671 of the Laws of 1963 exclusive jurisdiction was rescinded and concurrent jurisdiction of such actions was placed in the State courts. (Indian Law, § 5; U. S. Code, tit. 25, § 233; Mohawk v. Longfinger, 1 Misc 2d 509.)
The Council of the Seneca Nation rendered its final decision in the action of Halftown v. Jimerson by its resolution adopted on October 20, 1956 which transferred the claim of the parties to the New York State Court of Claims. The decision is final and conclusive and this court does not have jurisdiction to review it or the procedural steps leading up to its decision.
It has been repeatedly held that where Peacemakers’ Courts exist that the State court may not interfere with the determination of such Peacemakers’ Courts. (Mulkins v. Snow, 232 N. Y. 47; Matter of Patterson v. Seneca Nation, 245 N. Y. 433; Jones v. Gordon, 51 Misc. 305; People ex rel. Jimeson v. Shongo, 83 Misc. 325.)
In Mulkins v. Snow (supra) the court stated at pages 51-52 as follows: “ The Seneca Nation of Indians is a quasi foreign nation and its reservation is quasi extra territorial. (People ex rel. Cusick v. Daly, [212 N. Y. 183], supra.) The Supreme Court has general jurisdiction in law and equity. (N. Y. Const., art. VI, sec. 1.) But the jurisdiction of the Supreme Court over controversies between reservation Indians, relating to the title to real estate on their reservations, is statutory and not constitutional. The Supreme Court may not intrude upon the exclusive jurisdiction of the courts of such Indians. The state has recognized to this extent, at least, their exclusive right to regulate their internal affairs when Congress does not interfere. The Peacemakers’ Court is not a mere statutory local court of inferior jurisdiction. It is an Indian court, which has been *1032 recognized and given strength and authority by statute. It does not owe its existence to the state statute and is only in a qualified sense a state court.”
In People ex rel. Jimeson v. Shongo (supra) the court stated at pages 327-328, as follows: “ It is one thing to give a right to our counts to aid in the carrying out of the judgments and decrees of the Indian courts, and such powers have been conceded, with some reluctance, to reside in the legislature (Jimeson v. Pierce, 78 App. Div. 9, 13), but it is quite another thing to intrude upon the exclusive jurisdiction conceded to exist in such courts for the purpose of inhibiting* action, and I am clearly of the opinion that the determination of the Peacemakers’ Court, affirmed by the council of the nation (Indian Law, § 50), is conclusive as to the rights of the parties, and that this court is powerless, for want of jurisdiction, to grant any relief to the relators.”
The Council of the Seneca Nation stated that their decision on May 21, 1955 was an indefinite decision and its final decision set aside and held for naught the prior decision. This court will not interfere with the action of the Council of the Seneca Nation taken on October 20, 1956 and further determines that the decision of May 21, 1955 having been properly set aside, it cannot be res judicata as to the rights of the parties on this application. The finding of the Referee that the title to the land in question is vested in the petitioner, Nancy S. Jimerson, is confirmed.
An order may be entered directing the payment of the deposit in the State Bank of Albany to the credit of award of the Court of Claims No. 33556 to the petitioner herein subject to allowances to be awarded to the special guardian and Referee.