In the Matter of NANCY S. JIMERSON, Respondent, *v.* HALFTOWN ESTATE, Appellant.

Third Department, February 2, 1965.

418

*Levant M. Himelein, Jr.,* for appellant.

*William J. Rose* for respondent.

GIBSON, P. J., This controversy between Indians of the Seneca Nation residing on the Cattaraugus reservation involves conflicting claims to an award by the Court of Claims for real property appropriated by the State for Thruway purposes. The issues are well outlined in the comprehensive opinion written at Special Term (44 Misc 2d 1028) which held that the Supreme Court will not interfere with the decision of the Council of the Seneca Nation which termed " indefinite ", and " set aside and held for naught " its prior decision adjudicating the rights of the parties, and directed that the parties " make proof of their claims before the New York State Court of Claims." This appeal has been perfected upon a statement in lieu of record (CPLR 5527) and the parties have stipulated, among other things, that: " If the action of the Council in setting aside its original decision was lawful, this appeal should be dismissed ".

Appellant contends that under the Seneca constitution of 1898 the original decision of the Council was " final between the parties "; that it constitutes *res judicata*; and that the Council was without authority to vacate it. In general, however, a court " has inherent discretionary power to vacate its own judgments for sufficient reason and in the interests of substantial

justice '' (7 Carmody-Wait, New York Practice, § 132, p. 374); but, in any event, we consider that the Supreme Court may not pass upon the validity of the vacatur and that Special Term's holding to that effect was correct. Appellant, however, questions the authorities upon which the decision at Special Term was grounded (e.g., *Mulkins* v. *Snow,* 232 N. Y. 47, 51) as without force in the light of the later amendment (L. 1953, ch. 671) of section 5 of the Indian Law so as to provide that: '' Any action or special proceeding between Indians or between one or more Indians and any other person or persons *may* be prosecuted and enforced in any court of the state to the same extent as provided by law for other actions and special proceedings.'' (Emphasis supplied.) The statute is permissive and nothing in its legislative history indicates that it was intended to do more than to open the State courts to Indians, if they should choose to use them; and the conclusion that they should thenceforth have access to either State or tribal forums is fortified by the fact that in none of the 1963 court reorganization legislation was the jurisdiction of the Indian courts abrogated; and, indeed, the new judiciary article of the Constitution, effective September 1, 1962, continued the '' existence and operation '' of the Indian courts. (N. Y. Const., art. VI, § 31.) Thus, the amendment to section 5 of the Indian Law conferred upon the State courts no more than concurrent jurisdiction. Consequently, there is applicable the familiar rule that the court of concurrent jurisdiction '' which first obtains jurisdiction with adequate power to administer full justice should continue to exercise it.'' (*Colson* v. *Pelgram,* 259 N. Y. 370, 375.) Further, there exists no provision of law providing for review of decisions of the Indian courts by any State court. This case does not pose, and we do not pass upon, the problem of a remedy for infringement of a constitutional right, as we find no ground for appellant's claim of deprivation of due process and perceive no basis for any other objection on constitutional grounds.

The order should be affirmed, without costs.

HERLIHY, REYNOLDS, TAYLOR and HAMM, JJ., concur.

Order affirmed, without costs.