Frank J. Kronenberg, J.
The plaintiff has commenced an action under article 15 of the Real Property Actions and Proceedings Law in respect to certain" title claimed by her as against the defendants on the Cattaraugus Reservation in Chautauqua County. Coincidentally therewith an application has been made to this court for an order staying and restraining any proceedings before the Peacemakers’ Court of the Cattaraugus Reservation in which the parties are presently engaged in litigation involving said real property, and by nature of this application vesting exclusive jurisdiction therein in this court and in the action brought under article 15 of the Real Property Actions and Proceedings Law.
On April 15,1965, Norman Redeye (a defendant in the present action) proceeded in Peacemakers’ Court against Gladys Wakolee, claiming title in certain lands, claiming the defendant’s improper and illegal sand and gravel operations on lands belonging to the plaintiff, and requesting that the court recognize his *11 ownership in the land, and damages for the property removed plus costs.
The defendant appeared by attorney and answered. There has been a substitution of attorneys for the defendant. According to a statement, unsworn to by the attorney for the defendant, an attempt has been made to substitute the defendants Huff for the defendant Redeye in said Peacemakers’ Court action on the grounds of a conveyance on June 1, 1965, from Redeye to the Huffs.
The defendant has brought an action to have this court determine the title to the land, claiming exclusive jurisdiction vested in this court as distinguished from the Peacemakers’ Court under article 15 of the Real Property Actions and Proceedings Law.
Examination of article 15 of the Real Property Actions and Proceedings Law indicates the nature of the action as one to determine an adverse claim of title. Section 1551 of said article states: “ Nothing contained in this article shall be construed to limit any other remedy in law or equity. ’ ’ This court in reading the remaining sections in the article does not gather therefrom in any of them that there is vested in the Supreme Court, or in the County Court for that matter, exclusive jurisdiction over any title matter where an adverse claim between Indians on a Seneca Reservation is to be disputed. This court does not deal herein with the obvious question of whether or not the Red-eye claim for damages against Gladys Wakolee Velez passes with the conveyance, since that would not be the proper subject of an article 15 action in any manner.
Section 46 of the Indian Law states: “ A peacemakers’ court of the Allegany or Cattaraugus reservation shall also have jurisdiction to grant divorces between Indians residing on such reservation and to hear and determine all questions and actions between individual Indians residing thereon involving the title to real estate on such reservations.” (Emphasis supplied.) This wording is somewhat changed effective July 1, 1953, from a prior section which stated: “shall also have exclusive jurisdiction to grant divorces between Indians residing on such reservation and to hear and determine all questions and actions ”.
It is obvious that the Legislature as recently as 1953 has specifically expressed an intent that all disputes involving title to real property on the Cattaraugus Reservation be determined by the Peacemakers’ Court. The court is not unmindful of section 5 of the Indian Law which states: “ Any action or special proceeding between Indians or between one or more Indians and any other person or persons may be prosecuted and enforced in any court of the state to the same extent as provided by law for *12 other actions and special proceedings.” This also was a law passed by the 1953 Legislature.
This in no way, in the judgment of this court, impairs the specific directions that all title disputes between Cattaraugus Reservation residents of the Seneca Nation shall be decided in Peacemakers’ Court. The court is not unmindful, also, of a decision in Mohawk v. Longfinger (1 Misc 2d 509) where, in an action for partition, a motion to dismiss the complaint was denied where the complaint asked for partition of lands. In this case it is not clear from reading the decision whether or not any title disputes arose between the parties as distinguished from the issue as to whether or not the court had jurisdiction of such a matter.
It is also clear from the decision that there was no pending action in the Cattaraugus Peacemakers’ Court at the time of the application in Mohawk v. Longfinger (supra). The learned Justice in that ease cited Matter of Patterson v. Seneca Nation (245 N. Y. 433) confirming the Peacemakers’ Court’s exclusive jurisdiction but also cited section 5 of the Indian Law in support of his contention that the partition action on its face, in the absence of any other action pending, was not prohibited from consideration in New York State or Supreme Court.
Independent of the question of exclusive jurisdiction on this issue the courts have been very reluctant to authorize interference by another court with a pending matter before the Peacemakers’ Court. (See Washburn v. Parker, 7 F. Supp. 120; Justice Jasen's decision Bennett v. Fink Constr. Co., 47 Misc 2d 283; People ex rel. Mulkins v. Jimerson, 229 N. Y. 438.)
The motion of the plaintiff is hereby denied.